**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> MARCELINO OSEGUERA-MADRIGAL, AKA Marcelino Oseguerra-Madrigal, *Defendant-Appellant*. | No. 11-30360 <br><br> DC No. 2:10-cr-6062-WFN <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted October 12, 2012[*]
Seattle, Washington

Filed November 19, 2012

Before: A. Wallace Tashima, Milan D. Smith, Jr.,
and Morgan Christen, Circuit Judges.

Opinion by Judge Tashima

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a conviction and sentence for being an
alien found in the United States following deportation in a
case in which the defendant collaterally attacked his
underlying removal order.

The panel held that the Board of Immigration Appeals did
not err in finding the defendant removable based on his
conviction under Wash. Rev. Code § 69.50.412 for use of
drug paraphernalia, which was a conviction "relating to a
controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

The panel held that the immigration judge did not violate
due process by failing to inform the defendant of the
possibility of relief through a waiver of inadmissibility under
8 U.S.C. § 1182(h), where the defendant was plainly
ineligible for the waiver because the paraphernalia he was
convicted of using was related to cocaine, not marijuana.

The panel rejected the defendant's contention that the
district court abused its discretion and imposed a
substantively unreasonable sentence when it granted "only"
a six-month downward variance from the Sentencing
Guidelines range.

---

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Nicholas Marchi, Carney & Marchi, Seattle, WA, for Defendant-Appellant.

Alexander C. Ekstrom, Assistant United States Attorney, Yakima, WA, for Plaintiff-Appellee.

**OPINION**

TASHIMA, Circuit Judge:

Marcelino Oseguera-Madrigal ("Oseguera") appeals his conviction and sentence on a conditional guilty plea for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. He challenges the district court's dismissal of his collateral attack on the underlying removal order. We affirm the conviction and find no abuse of discretion in the district court's sentencing decision. Accordingly, we affirm.

**I. Background**

Oseguera, a citizen of Mexico, came to the United States in 1970, at the age of two. In 1994, he was charged with possession of cocaine, a controlled substance, in Washington state court. He subsequently pled guilty to a reduced charge of use of drug paraphernalia, in violation of Wash. Rev. Code § 69.50.412. The Immigration and Naturalization Service initiated removal proceedings against him in 2001. An immigration judge ("IJ") found Oseguera removable and the Board of Immigration Appeals ("BIA") affirmed the IJ's

decision.   Oseguera was removed from this country in February 2009.

On January 11, 2011, Oseguera was indicted for being an alien in the United States without permission after deportation, under 8 U.S.C. § 1326.  He moved to dismiss the indictment by collaterally attacking the underlying removal proceedings.  The district court denied his motion, and he entered a conditional guilty plea, preserving his right to appeal the denial of his motion to dismiss.  The district court subsequently sentenced Oseguera to thirty-five months' imprisonment.  Oseguera timely appeals.

## II. Discussion

### A.  Collateral Attack on Immigration Proceedings

Oseguera contends that the IJ erroneously found him removable, and that even if he was removable, the IJ violated his due process rights by failing to inform him of the availability of potential relief from removal.  We review *de novo* a collateral attack on an underlying removal order. *United States v. Ahumada-Aguilar*, 295 F.3d 943, 947 (9th Cir. 2002).

Oseguera first contends that he was not properly removable because his drug paraphernalia conviction was not a "violation . . . relating to a controlled  substance," under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  In *Luu-Le v. INS*, 224 F.3d 911 (9th Cir. 2000), we held that Arizona's statute criminalizing the possession of drug paraphernalia, Ariz. Rev.

Stat. § 13-3415(A),[1] is, by its plain language, clearly "relating to" a controlled substance for purposes of the Immigration and Nationality Act. *Id.* at 914-16. In *Bermudez v. Holder*, 586 F.3d 1167, (9th Cir. 2009), we held that the "materially identical" drug paraphernalia statute in Hawaii, Haw. Rev. Stat. § 329-43.5(a),[2] was similarly "relating to a controlled substance." *Id.* at 1168-69. The text of the Washington statute to which Oseguera pled guilty in 1994, Wash. Rev. Code § 69.50.412(1),[3] is materially identical to both the Hawaii and Arizona statutes. *Compare* Wash. Rev. Code § 69.50.412(1), *with* Ariz. Rev. Stat. § 13-3415(A), *and* Haw. Rev. Stat. § 329-43.5(a). Therefore, Oseguera's drug

---

[1] The Arizona statute, Ariz. Rev. Stat. § 13-3415(A), provides:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter.

[2] The Hawaii statute, Haw. Rev. Stat. § 329-43.5(a), provides:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

[3] The Washington statute, Wash. Rev. Code §69.50.412(1), provides:

It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance.

paraphernalia conviction clearly was one "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II). The BIA did not err in finding him removable on that basis.

Oseguera next argues that even if he was properly found removable, he should have been informed of the possibility of relief through a waiver of inadmissibility under 8 U.S.C. § 1182(h), and that the IJ violated his due process by failing to inform him that such relief was available. We have repeatedly held that an IJ's failure to advise an alien of apparent eligibility for relief violates due process and, where accompanied by prejudice, serves as the basis for a collateral attack on the removal order. *See, e.g.*, *United States v. Lopez-Velasquez*, 629 F.3d 894, 896-97 (9th Cir. 2010) (en banc); *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000); *Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989).

In this case, however, there was no relief for which Oseguera was plausibly eligible. While § 1182(h) allows the Attorney General to waive certain kinds of convictions under § 1182(a)(2)(A)(i), a conviction "relating to a controlled substance" under § 1182(a)(2)(A)(i)(II) is waivable only "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Oseguera's drug paraphernalia conviction was not a conviction for "simple possession of 30 grams or less of marijuana." The information to which Oseguera pled guilty specifically charged that Oseguera used drug paraphernalia in that Oseguera "did use a silver spoon and lighter to inject, ingest, inhale or introduce into the human body cocaine, a controlled substance." Because the drug paraphernalia Oseguera was convicted of using was related to cocaine, not marijuana, he plainly was ineligible for a waiver. *Cf.*

*Escobar Barraza v. Mukasey*, 519 F.3d 388, 392-93 (7th Cir. 2008) (holding that one convicted of possession of drug paraphernalia may be eligible for a § 1182(h) waiver where the paraphernalia related to the use of marijuana "and the implied quantity is under 30 grams"). The IJ did not err by failing to inform him about relief for which he was ineligible.

For these reasons, the district court did not err in denying Oseguera's motion to dismiss the indictment.[4]

**B. Sentence**

Oseguera contends that the district court abused its discretion and imposed a substantively unreasonable sentence when it granted "only" a six-month downward variance from the Guidelines range of forty-one to fifty-one months. He contends that his sentence of thirty-five months' imprisonment is unreasonably long, but he does not dispute the process by which the district court reached its sentencing decision.

We review a district court's sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). While there is no presumption that a sentence within the applicable Guidelines range is reasonable, the sentencing court should use the Guidelines as a "starting point." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citation and internal quotation marks omitted). Nor is there

---

[4] Oseguera also collaterally attacks his Washington state conviction under *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), but that attack is foreclosed by *Custis v. United States*, 511 U.S. 485 (1994). *See also United States v. Gutierrez-Cervantez*, 132 F.3d 460 (9th Cir. 1997). Accordingly, we do not consider its merits.

a presumption that a sentence outside of the Guidelines range is unreasonable. *Rita v. United States*, 551 U.S. 338, 354-55 (2007). Rather, "courts of appeals must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. "The extent of the difference between a particular sentence and the recommended Guidelines range is . . . relevant." *Id*. Absent circumstances that take a particular case outside of the "mine run" of similar cases, a district court moves toward the limits of its discretion as it moves away from the Guidelines range. *See Rita*, 551 U.S. at 350-51. Here, Oseguera provides no evidence that his circumstances are outside the mine run of similar cases. The district court acted within its sound discretion in imposing the below-guidelines sentence that it did.

For the foregoing reasons, the judgment of conviction and the sentence are

**AFFIRMED.**