**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50434 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03587-DMS-1 |
| v. | |
| RENE ARIAS-ROBLES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 4, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Rene Arias-Robles appeals his sentence for illegal reentry after deportation,

8 U.S.C. § 1326. He contends that the district court erred by imposing a 16-level

increase under the sentencing guidelines for a prior conviction that was obtained in

violation of his Sixth Amendment right to counsel under *Padilla v. Kentucky*, 130

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

S. Ct. 1473 (2010), and by imposing a sentence that was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arias-Robles cannot challenge his prior conviction in this proceeding because he was represented by counsel at the time. *Custis v. United States*, 511 U.S. 485, 496 (1994); *see also United States v. Oseguera-Madrigal*, 700 F.3d 1196, 1199 n.4 (9th Cir. 2012). Moreover, the record does not support Arias-Robles's contention that his former counsel failed to advise him before he pled guilty in the Texas case that deportation was a certain—as opposed to possible—consequence of that plea.

The district court did not err in enhancing Arias-Robles's sentence based on the Texas conviction. At the time of Arias-Robles's sentencing in this case, the Texas conviction was final. *See Clay v. United States*, 537 U.S. 522, 527 (2003). His postconviction motion to vacate his sentence under 28 U.S.C. § 2255 is considered a collateral proceeding. *See id*. at 524–25.

The district court did not abuse its discretion by imposing a sentence at the low end of the guidelines range. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1009 (9th Cir. 2012).

**AFFIRMED.**