**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50177 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05188-LAB-1 |
| v. | |
| JUAN MANUEL CRUZ-VALDIVIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 8, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, District Judge.[**]

Juan Manuel Cruz-Valdivia ("Cruz") challenges his 70-month sentence. He

contends that the district court erred in declining his offer to waive his right to

appeal in exchange for a sentence not exceeding 48 months; that the government

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

breached his plea agreement by not vigorously supporting an agreed recommendation of 21 months; and that the imposition of a 70-month sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291.

1. The district court did not err in refusing to negotiate Cruz's sentence in exchange for an appellate waiver. District judges are prohibited from participating in plea discussions. Fed. R. Crim. P. 11(c)(1). This bright-line rule minimizes the risk of coercion, protects the integrity of the judicial process, and preserves a judge's impartiality. *United States v. Bruce*, 976 F.2d 552, 556-57 (9th Cir. 1992). The same policy considerations are implicated if a judge bargains for an appellate waiver in exchange for a sentencing promise. *United States v. Gonzales-Melchor*, 648 F.3d 959, 963-65 (9th Cir. 2011).

2. "Courts enforce the literal terms of a plea agreement," *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011), and here the government complied with the literal terms of Cruz's plea agreement by recommending a 21-month sentence, the middle of the advisory sentencing guidelines range. Because the government did not agree to advocate enthusiastically or to explain the reasons for the recommended sentence, its failure to do so at the sentencing hearing did not constitute a breach. *See United States v. Benchimol*, 471 U.S. 453, 455-56 (1985); *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999).

2

**3.**     A sentencing decision may be reversed if the district court imposes a substantively unreasonable sentence.  *Gall v. United States*, 552 U.S. 38, 56 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).  An abuse-of-discretion standard applies in determining reasonableness.  *Gall*, 552 U.S. at 41; *United States v. Oseguera-Madrigal*, 700 F.3d 1196, 1199-1200 (9th Cir. 2012).

We find the imposition of a 70-month sentence substantively unreasonable under the circumstances of this case.  The advisory sentencing guidelines range was 18 to 24 months.  The record undoubtedly supports the district court's decision to depart upward from that range, but the district court did not adequately justify the extent of the upward departure it imposed.

When it became clear that the court intended to impose an upward departure, Cruz requested a 48-month sentence in exchange for a waiver of his appellate rights.  The district court found Cruz's offer to be reasonable, and indicated it would have accepted the offer but for this Court's rule prohibiting district courts from engaging in negotiations over appellate waivers.  *See, e.g.*, Sentencing Tr. 18 ("I'd like to, it makes good sense to me. . . . It seems like the right way to handle this.  Ordinarily, I'd embrace it . . . ."); *id.* at 19 ("I wish I could take you up on that on many levels.  It makes good sense, but legally I am prohibited . . . from

taking that into consideration."). Thus, the district court suggested that a 48-month sentence would have been reasonable, and would have "afford[ed] adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), if the court could obtain from the defendant a waiver of his right to appeal.

Because the court could not accept Cruz's proposed waiver, it instead imposed a sentence of 70 months. The court's inability to accept Cruz's waiver offer, however, is not among the appropriate sentencing considerations set forth in 18 U.S.C. § 3553(a). It thus could not properly be used as a reason to depart upward to 70 months where, the court appeared to indicate, 48 months plus a waiver of appellate rights would have been "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a). *See* 18 U.S.C. § 3582(a). Cruz's sentence is substantively unreasonable because it was based on an impermissible consideration. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

USA v. Cruz-Valdavia, No. 12-50177

CONLON, District Judge, dissenting:

The uncontested presentence report reflected that Juan Manuel Cruz-Valdivia ("Cruz") had an extensive criminal record spanning over 25 years. The more serious convictions were not counted in calculating his criminal history category due to the age of the offenses: possession of heroin for sale (1975); multiple burglaries where a stolen shotgun and burglary tools were also found in his car (1982); possession of cocaine and driving under the influence of intoxicants (1994); possession of a stolen vehicle on the same day the vehicle was reported stolen (1994); possession of cocaine, marijuana, scales, drug records, and syringes (1995); and disorderly conduct and providing false identification to Oregon law enforcement (1997).

Cruz was deported after serving varying jail or prison terms for each of these offenses with the exception of the last. He repeatedly returned illegally to the United States to commit another crime. It is undisputed he used 33 alias names, six different dates of birth, and five different social security numbers, presumably to conceal his illegal status from authorities.

Cruz's first conviction for illegal reentry of a deported alien under 8 U.S.C. § 1326(a) was in 1997. The federal district court in Oregon sentenced him to 24 months in prison, and he was deported for the sixth time in 1999. Nevertheless, he

was found to be illegally in the United States again and was convicted of illegal reentry under §§ 1326(a) and (b)(2) in 2003. The federal district court in Colorado imposed a 57-month sentence, 33 months longer than the sentence he received for his first reentry conviction. Cruz was deported for the seventh time in 2007.

Cruz was arrested in the United States in October 2011 and pleaded guilty to an information charging him under §§ 1326(a) and (b)(2) with being a deported alien with a prior conviction for an aggravated felony. The advisory sentencing guidelines in the presentence report provided a range of 18 to 24 months' imprisonment; the calculations did not take into account Cruz's multiple drug, burglary and theft convictions in determining his criminal history category was III[1]. Under their plea agreement, the parties agreed the advisory guideline range was 18 to 24 months, and that they would recommend a 21-month sentence.

The district judge rejected the 21-month recommendation and the 18-to-24-month guideline range given Cruz's actual criminal history, including his two prior convictions for the same illegal reentry offense and the sentences imposed, each of which was higher than the joint recommendation proposed for Cruz's third offense. The district judge expressed his view that repeat offenders should receive higher sentences for repeated criminality, not lower sentences. The district judge

---

[1] Cruz's offense level was reduced from 20 to 13 for timely acceptance of responsibility (-3) and by the application of the "Fast Track" program (-4).

explicitly considered Cruz's long and varied criminal history and his recidivism for illegal reentry. He noted the deceptive means Cruz used to conceal his immigration status: false names, dates of birth, and social security numbers. He found that the 57 months imposed for Cruz's 2003 conviction for the same conduct did not serve as an effective deterrent and that an incremental, 13-month increase in punishment (57 + 13 = 70) was sufficient for the 2011 conviction.

The district judge considered and declined to use the 33-month increase used by the Colorado district court in sentencing Cruz for the 2003 conviction. Here, the district court found that a 33-month increase was greater than necessary because of Cruz's advanced age (62) and because of his clean criminal record during the four years between his release from prison following his second conviction for illegal reentry and his third offense.

The imposition of a 70-month sentence was based on considerations of Cruz's actual criminal history of felony convictions, his eight[2] recorded deportations, the need for stronger deterrence, the likelihood of recidivism, and Cruz's personal characteristics. This was not an abuse of discretion, and the 70-month sentence was well below the 20-year statutory maximum. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Oseguera-Madrigal*, 700 F.3d

---

[2] The presentence report references one additional deportation in January 1980 that is not reflected in his criminal convictions.

1196, 1200 (9th Cir. 2012). *See also United States v. Higuera-Llamos*, 574 F.3d 1206, 1211 (9th Cir. 2009) (affirming upward departure from criminal history category IV to VI based on prior similar immigration violations that were not prosecuted, citing U.S.S.G. § 4A1.3(a)(2)(E)); *United States v. Segura-Del Real*, 83 F.3d 275, 278 (9th Cir. 1996) (affirming upward departure based on numerous, repetitive immigration violations).

The majority speculates that the district court's variance from the guideline range was not justified because the district court found Cruz's offer of a 48-month sentence in exchange for a waiver of his appellate rights to be reasonable. This issue was not raised in Cruz's appellate briefs. He challenged the reasonableness of his sentence on grounds that the district court gave controlling weight to deterrence and no weight to the sentencing guideline range. Cruz argued, as a separate issue in his briefs, that the district court erred by not accepting his offer to waive his appellate rights for a sentence not exceeding 48 months. I concur in the majority's ruling that the district court did not err in refusing to engage in sentencing bargaining. Though the district judge's comments suggest he was inclined to find the *offer* of an appellate waiver in exchange for a lower sentence to be a reasonable approach to sentencing, he properly declined to bargain with the defendant.

4

After the defense counsel interrupted the district judge to offer a sentencing bargain and the resulting colloquy, the district judge clearly shifted the discussion back to the factors he considered in determining Cruz's sentence in accordance with 18 U.S.C. § 3553(a). Sentencing Tr. 19 ("Let me get back to the matter of sentencing now."). The district judge never mentioned waiver of appellate rights as a sentencing consideration. Indeed, the only suggestion that not waiving appellate rights adversely affected Cruz's sentence arose from an inaccurate statement made by his attorney during oral argument that he believed the district court indicated 48 months would have been reasonable, making 70 months an unreasonable sentence. Not only is counsel's statement unsupported by the appellate record, it is inconsistent with Cruz's arguments in his briefs that the district court focused exclusively on deterrence.

I would affirm the 70-month sentence.