MEMORANDUM **
Juan Manuel Cruz-Valdivia (“Cruz”) challenges his 70-month sentence. He contends that the district court erred in declining his offer to waive his right to appeal in exchange for a sentence not exceeding 48 months; that the government breached his plea agreement by not vigorously supporting an agreed recommendation of 21 months; and that the imposition of a 70-month sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291.
1. The district court did not err in refusing to negotiate Cruz’s sentence in exchange for an appellate waiver. District *737 judges are prohibited from participating in plea discussions. Fed.R.Crim.P. 11(c)(1). This bright-line rule minimizes the risk of coercion, protects the integrity of the judicial process, and preserves a judge’s impartiality. United States v. Bruce, 976 F.2d 552, 556-57 (9th Cir.1992). The same policy considerations are implicated if a judge bargains for an appellate waiver in exchange for a sentencing promise. United States v. Gonzalez-Melchor, 648 F.3d 959, 963-65 (9th Cir.2011).
2. “Courts enforce the literal terms of a plea agreement,” United States v. Ellis, 641 F.3d 411, 417 (9th Cir.2011), and here the government complied with the literal terms of Cruz’s plea agreement by recommending a 21-month sentence, the middle of the advisory sentencing guidelines range. Because the government did not agree to advocate enthusiastically or to explain the reasons for the recommended sentence, its failure to do so at the sentencing hearing did not constitute a breach. See United States v. Benchimol, 471 U.S. 453, 455-56, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985); United States v. Johnson, 187 F.3d 1129, 1135 (9th Cir.1999).
3. A sentencing decision may be reversed if the district court imposes a substantively unreasonable sentence. Gall v. United States, 552 U.S. 38, 56, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). An abuse-of-discretion standard applies in determining reasonableness. Gall, 552 U.S. at 41, 128 S.Ct. 586; United States v. Oseguera-Madrigal, 700 F.3d 1196, 1199-1200 (9th Cir.2012).
We find the imposition of a 70-month sentence substantively unreasonable under the circumstances of this case. The advisory sentencing guidelines range was 18 to 24 months. The record undoubtedly supports the district court’s decision to depart upward from that range, but the district court did not adequately justify the extent of the upward departure it imposed.
When it became clear that the court intended to impose an upward departure, Cruz requested a 48-month sentence in exchange for a waiver of his appellate rights. The district court found Cruz’s offer to be reasonable, and indicated it would have accepted the offer but for this Court’s rule prohibiting district courts from engaging in negotiations over appellate waivers. See, e.g., Sentencing Tr. 18 (“I’d like to, it makes good sense to me.... It seems like the right way to handle this. Ordinarily, I’d embrace it.... ”); id. at 19 (“I -wish I could take you up on that on many levels. It makes good sense, but legally I am prohibited ... from taking that into consideration.”). Thus, the district court suggested that a 48-month sentence would have been reasonable, and would have “afford[ed] adequate deterrence to criminal conduct,” 18 U.S.C. § 3553(a)(2)(B), if the court could obtain from the defendant a waiver of his right to appeal.
Because the court could not accept Cruz’s proposed waiver, it instead imposed a sentence of 70 months. The court’s inability to accept Cruz’s waiver offer, however, is not among the appropriate sentencing considerations set forth in 18 U.S.C. § 3553(a). It thus could not properly be used as a reason to depart upward to 70 months where, the court appeared to indicate, 48 months plus a waiver of appellate rights would have been “sufficient, but not greater than necessary,” to comply with the purposes of § 3553(a). See 18 U.S.C. § 3582(a). Cruz’s sentence is substantively unreasonable because it was based on an impermissible consideration. See United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir.2006).
*738 SENTENCE VACATED AND REMANDED FOR RESENTENCING.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.