NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-10222 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 4:11-cr-03035-JGZ-HCE-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| TIFFANY NICOLE WILSON, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 8, 2013[**]
San Francisco, California

Before:    FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Tiffany Nicole Wilson appeals her conviction and sentence for possession of

marijuana for sale. See 21 U.S.C. § 841(a)(1), (b)(1)(C). We affirm.

(1)    Wilson first argues that the district court erred when it excluded the

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

out of court statement of Joel Fuentes. We disagree. The statement was hearsay,[1] and was not admissible as an exception for statements against interest,[2] or pursuant to the residual exception.[3] It was neither of an inculpatory nature[4] nor reliable.[5] Nor was any exceptional circumstance shown. See United States v. Bonds, 608 F.3d 495, 500–01 (9th Cir. 2010).

(2)     Wilson next claims that the district court erred when it excluded the testimony of Rebecca Molina. However, the district court did not abuse its discretion[6] when it determined that the evidence of a wholly separate and dissimilar transport of marijuana was not relevant[7] and, in effect, was unduly prejudicial.[8]

---

[1] See Fed. R. Evid. 801.

[2] See Fed. R. Evid. 804(b)(3).

[3] See Fed. R. Evid. 807(a).

[4] See United States v. Shryock, 342 F.3d 948, 981 (9th Cir. 2003); see also Williamson v. United States, 512 U.S. 594, 603–04, 114 S. Ct. 2431, 2437, 129 L. Ed. 2d 476 (1994).

[5] See Shryock, 342 F.3d at 982; see also Lilly v. Virginia, 527 U.S. 116, 131, 119 S. Ct. 1887, 1897, 144 L. Ed. 2d 117 (1999).

[6] See United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004).

[7] See Fed. R. Evid. 401.

[8] See Fed. R. Evid. 403; United States v. Wiggan, 700 F.3d 1204, 1213 (9th

(continued...)

(3)     Wilson then asserts that the district court erred when it admitted expert testimony regarding the use of unknowing drug couriers.  We do not agree. The district court was not required to conduct a pretrial qualification hearing,[9] and the expert's background and expertise were thoroughly supported by the evidence developed at trial.[10]  Moreover, admitting testimony regarding the use (or, rather, nonuse) of unknowing drug couriers was proper in this case.  See United States v. Sepulveda-Barraza, 645 F.3d 1066, 1072 (9th Cir. 2011); United States v. Murillo, 255 F.3d 1169, 1177–78 (9th Cir. 2001), overruled on other grounds as recognized in United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir. 2007).

(4)     Wilson also claims that the district court erred when it did not give her proffered, and argumentative, instruction on knowledge.  However, the instructions given by the district court made it plain that the prosecution had to prove knowledge,[11] and the court was not required to instruct in the language desired by

---

[8](...continued)
Cir. 2012).

[9]See United States v. Alatorre, 222 F.3d 1098, 1103–04 (9th Cir. 2000).

[10]See United States v. Hankey, 203 F.3d 1160, 1168–70 (9th Cir. 2000); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141–42, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238 (1999).

[11]See United States v. Romm, 455 F.3d 990, 1002 (9th Cir. 2006).

3

Wilson;[12] she could argue her lack of knowledge to the jury, which was not subjected to misleading or inadequate instructions regarding knowledge.[13] The district court did not err.

(5)     Finally, Wilson asserts that her sentence must be set aside because the district court procedurally erred and the sentence was substantively unreasonable. Not so.  The record shows that the district court adequately considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the sentence.  See United States v. Rangel, 697 F.3d 795, 806 (9th Cir. 2012); United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Moreover, we will not consider Wilson's claim that the district court should have considered her "aberrant behavior"[14] departure assertion when it calculated her guideline range.  That is a matter that is encompassed in the substantive reasonableness alchemy because it can be treated as a reason for a variance.[15]  In fact, in this case, the district court expressly treated

---

[12]See United States v. Thomas, 612 F.3d 1107, 1122 n.7 (9th Cir. 2010); Romm, 455 F.3d at 1002.

[13]See United States v. Orozco-Acosta, 607 F.3d 1156, 1164–65 (9th Cir. 2010).

[14]See USSG §5K2.20.  All references to the guidelines in this disposition are to the November 1, 2011, version.

[15]See United States v. Ellis, 641 F.3d 411, 421–22 (9th Cir. 2011); United States v. Dallman, 533 F.3d 755, 761 (9th Cir. 2008); United States v. Mohamed, 459 F.3d 979, 986–87 (9th Cir. 2006).

4

the aberrant behavior assertion as a variance consideration.

Nor can we say that the sentence was substantively unreasonable. The guideline range for her offense was from fifty-one to sixty-three months,[16] but the district court fixed her sentence at thirty-six months. In so doing, the district court sufficiently explained its decision,[17] and on the record before us we cannot say that the below guideline range sentence was unreasonable.[18]

AFFIRMED.

---

[16]See USSG §2D1.1(a)(5), (c)(8); see also USSG Ch. 5, Pt. A, sentencing table.

[17]See United States v. Petri, __ F.3d __, __, No. 11-30337, 2013 WL 1490604, at *7–8 (9th Cir. Apr. 12, 2013); Carty, 520 F.3d at 992–93; United States v. Maciel-Vasquez, 458 F.3d 994, 995 (9th Cir. 2006).

[18]See United States v. Oseguera-Madrigal, 700 F.3d 1196, 1200 (9th Cir. 2012); United States v. Espinoza-Baza, 647 F.3d 1182, 1195 (9th Cir. 2011); Carty, 520 F.3d at 994 (guideline sentences "'will usually be reasonable'").