UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10065 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02086-JGZ-HCE-1 |
| v. | District of Arizona, Tucson |
| ALEJANDRO SALGADO-URIAS, | |
| Defendant - Appellant. | ORDER |

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Salgado-Urias's petition for panel rehearing is **GRANTED**. The memorandum disposition filed June 19, 2013 is **WITHDRAWN**. A replacement memorandum disposition is being filed along with this order. This order does not prevent a subsequent petition for rehearing based on the new memorandum disposition.

FILED

JUL 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEJANDRO SALGADO-URIAS,<br><br>Defendant - Appellant. | No. 12-10065<br><br>D.C. No. 4:11-cr-02086-JGZ-HCE-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, District Judge, Presiding

Argued and Submitted May 9, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Alejandro Salgado-Urias appeals his 46-month sentence for illegal reentry

after having previously been deported. 8 U.S.C. § 1326(a). The district court

concluded that solicitation to possess marijuana for sale under Arizona Revised

Statute §§ 13-1002 and 13-3405(A) is categorically a "drug trafficking offense"

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

within the meaning of United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A). Salgado-Urias's offense level was therefore subject to a 16-level enhancement. *Id.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate Salgado-Urias's sentence and remand for application of the modified categorical approach.

1. Assuming without deciding that common-law solicitation fits within Application Note 5, we must decide whether Arizona applies its solicitation law more broadly than generic, common-law solicitation. *See United States v. Shumate*, 329 F.3d 1026, *amended*, 341 F.3d 852 (9th Cir. 2003) (analyzing § 4B1.2 cmt. n.1); *see also United States v. Contreras-Hernandez*, 628 F.3d 1169, 1171–73 (9th Cir. 2011). For purposes of the categorical approach:

> To find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. *But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.*

*Saavedra-Velazquez*, 578 F.3d 1103, 1109 (9th Cir. 2009) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

2

We need not look beyond the record in this case to conclude that Arizona's statute can be, and is, applied to offenses that may not be included in the common law definition of "solicitation." Here, the application of § 13-1002 shows Salgado-Urias pleaded guilty to solicitation even though the plea colloquy filed by the government establishes a genuine question whether Salgado-Urias was the solicitor, or was himself solicited, to possess marijuana for sale. There is more than a "a realistic probability" that Arizona's solicitation statute is applied to "conduct outside the generic definition" of solicitation. *Id*.

Salgado-Urias pleaded guilty to *solicitation* of possession of marijuana for sale, which is a less serious offense than *possession* of marijuana for sale. *See* Ariz. Rev. Stat. Ann. § 13-1002(B). During the plea colloquy, he stated that he agreed to allow someone to store two or three large bundles of marijuana in his trailer. We conclude that Arizona's solicitation statute is categorically overbroad, vacate Salgado-Urias's sentence, and remand this case to the district court for resentencing. The district court should consider the effect, if any, of *Descamps v. United States*, No. 11-9540, 2013 WL 3064407 (June 20, 2013), in resentencing Salgado-Urias.

2. Salgado-Urias also argues his sentence was substantively unreasonable. This argument is not persuasive. Contrary to Salgado-Urias's contention, the

3

district court considered the 18 U.S.C. § 3553(a) factors, the nature of the offense, and Salgado-Urias's background. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

3. Salgado-Urias argues he was entitled to a downward departure, pursuant to Sentencing Guideline § 2L1.2 Application Note 7, or a variance. Application Note 7 describes a discretionary departure, § 2L1.2 cmt. n.7, and variances are also granted on a discretionary basis, *see, e.g.*, *United States v. Oseguera-Madrigal*, 700 F.3d 1196, 1199 (9th Cir. 2012). The district court did not abuse its discretion by declining to grant a downward departure or variance in this case.

4. Finally, Salgado-Urias's solicitation conviction was not outside the temporal scope of criminal history contemplated by the Guidelines. U.S. Sentencing Guidelines Manual § 4A1.2(e)(1); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1052 (9th Cir. 2009).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**