**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MADRIGAL-BARCENAS, aka Juan Reynosa-Varsenas, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 10-72049 <br><br> Agency No. A088-914-486 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2013
San Francisco, California

Before: NOONAN, TASHIMA, and GRABER, Circuit Judges.

Pedro Madrigal-Barcenas petitions for review of the Board of Immigration

Appeals' denial of his application for cancellation of removal on account of his

conviction for possession of drug paraphernalia in violation of section 453.566 of

the Nevada Revised Statutes. Reviewing de novo, Ruiz-Vidal v. Gonzales, 473

F.3d 1072, 1076 n.2 (9th Cir. 2007), we deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  A nonpermanent resident may be eligible for cancellation of removal only if he "has not been convicted of an offense under [8 U.S.C. § 1182(a)(2)]." 8 U.S.C. § 1229b(b)(1)(C). The offenses listed under § 1182(a)(2) include violations of "any law . . . relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). A state statute that criminalizes possession of paraphernalia for use with drugs may be a law "relating to a controlled substance" for these purposes. Minh Duc Luu-Le v. INS, 224 F.3d 911, 916 (9th Cir. 2000).

2.  The facts of this case are analogous to those in previous decisions regarding other states' drug paraphernalia statutes: United States v. Oseguera-Madrigal, 700 F.3d 1196, 1199–200 (9th Cir. 2012); Bermudez v. Holder, 586 F.3d 1167, 1168–69 (9th Cir. 2009) (per curiam); Estrada v. Holder, 560 F.3d 1039, 1042 (9th Cir. 2009); and Luu-Le, 224 F.3d at 915–16. Those cases require denial of the petition because Nevada's drug-paraphernalia statute is materially identical to the statutes that we considered there.

3.  Because the waiver to inadmissibility under § 1182(h) does not affect eligibility for cancellation, In re Bustamante, 25 I. & N. Dec. 564, 567 (B.I.A. 2011), interpretations of that provision, e.g., In re Espinoza, 25 I. & N. Dec. 118, 123–26 (B.I.A. 2009), and of the "personal use" exception to deportability under

2

§ 1227, e.g., In re Davey, 26 I. & N. Dec. 37, 38–41 (B.I.A. 2012), are not relevant here.

**PETITION DENIED.**