**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MADRIGAL-BARCENAS, AKA Juan Reynosa-Varsenas, *Petitioner*, | No. 10-72049 |
| v. | B.I.A. No. A088-914-486 |
| LORETTA E. LYNCH, Attorney General, *Respondent*. | OPINION |

On Remand from the United States Supreme Court

Filed August 10, 2015

Before: John T. Noonan, A. Wallace Tashima, and Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Immigration

On remand from the United States Supreme Court, the panel granted Pedro Madrigal-Barcenas' petition for review of the Board of Immigration Appeals' decision finding him inadmissible on the ground that his Nevada state law conviction for possessing drug paraphernalia constituted a conviction for violation of a law relating to a controlled substance.

In *Madrigal-Barcenas v. Lynch*, 135 S.Ct. 2828 (2015), the Supreme Court vacated this court's decision for further consideration in light of *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015) (holding that a drug paraphernalia possession conviction did not render an alien categorically removable), the panel held that petitioner's conviction is not a categorical controlled substance offense. The panel held that the Nevada statute is overbroad because it penalizes possession of paraphernalia in connection with substances not controlled under federal law. The panel held that petitioner was thus not inadmissible, and remanded for the agency to consider in the first instance the potential application of the modified categorical approach and the merits of petitioner's cancellation of removal application.

The panel also held in light of *Mellouli* that *Luu-Le v. INS*, 224 F.3d 911 (9th Cir. 2000) and its progeny (holding that it was irrelevant whether a specific drug paraphernalia

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

conviction involved a federally controlled substance) are no longer good law, and rejected as effectively overruled the holdings in *United States v. Oseguera-Madrigal*, 700 F.3d 1196, 1199–1200 (9th Cir. 2012); *Bermudez v. Holder*, 586 F.3d 1167, 1168–69 (9th Cir. 2009) (per curiam); *Estrada v. Holder,* 560 F.3d 1039, 1042 (9th Cir. 2009); *Luu-Le*, 224 F.3d at 916.

## COUNSEL

Jon Dean, Pantea Ahmadi, Jessica Mariani, and Saurish Bhattacharjee, McDermott Will & Emery LLP, Los Angeles, California, for Petitioner.

W. Manning Evans, Senior Litigation Counsel, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Donald E. Keener, Deputy Director, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Pedro Madrigal-Barcenas, a native and citizen of Mexico, applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). He petitions for review of the Board of Immigration Appeals' ("BIA") denial of that application.

Petitioner was convicted of possessing drug paraphernalia in violation of section 453.566 of the Nevada Revised Statutes. The question on review is whether that

misdemeanor conviction renders Petitioner ineligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("Section 1182"), which provides that an applicant is inadmissible if the applicant stands convicted under "any law or regulation . . . relating to a controlled substance (as defined in section 802 of [the Federal Controlled Substances Act])." In ruling that Petitioner was inadmissible, the BIA relied on *In re Martinez-Espinoza*, 25 I. & N. Dec. 118 (B.I.A. 2009), to hold that the conviction was for violation of a law relating to a controlled substance. Applying our extant precedent to the same effect, *United States v. Oseguera-Madrigal*, 700 F.3d 1196, 1199–1200 (9th Cir. 2012); *Bermudez v. Holder*, 586 F.3d 1167, 1168–69 (9th Cir. 2009) (per curiam); *Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009); *Luu-Le v. INS*, 224 F.3d 911, 916 (9th Cir. 2000), we denied the petition. *Madrigal-Barcenas v. Holder*, 507 F. App'x 715 (9th Cir. 2013) (unpublished).

Subsequently, the Supreme Court issued *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015). The Court then granted a writ of certiorari to Petitioner, vacated our decision, and remanded this case for further consideration in light of *Mellouli*. *Madrigal-Barcenas v. Lynch*, 135 S. Ct. 2828 (2015). We ordered supplemental briefing from the parties on the effect of *Mellouli*. Reviewing de novo, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004), we now grant the petition, hold that Petitioner's conviction is not categorically for a controlled substance offense, and remand for further proceedings.

In *Mellouli*, the Court addressed whether a misdemeanor conviction under Kansas' drug paraphernalia statute renders an alien categorically removable under 8 U.S.C. § 1227(a)(2)(B)(i) ("Section 1227"). 135 S. Ct. at 1983–84.

Section 1227 and Section 1182 contain identical text; each attaches immigration consequences to a conviction under a law "relating to a controlled substance (as defined in section 802 [of the Controlled Substances Act])." The Court held that the Kansas conviction did not trigger removal under Section 1227. *Id.* at 1984. In so holding, the Court reasoned that the text of Section 1227 "limits the meaning of 'controlled substance' . . . to the substances controlled under § 802." *Id.* at 1990–91.

Before *Mellouli*, the BIA had held that a conviction for possession or distribution of a controlled substance met the requirements of Section 1227 only if "the state statute under which the alien was convicted covered federally controlled substances and not others." *Id.* at 1987. But for paraphernalia convictions, BIA precedent required only that the crime be "associated with the drug trade in general." *Id.* at 1988–89 (internal quotation marks omitted). As noted, we had drawn the same distinction in *Luu-Le*, 224 F.3d at 916, and in several other cases. *Mellouli* rejected that approach, holding that there is "no home in the text" of Section 1227 for different treatment of convictions for possession and distribution of a controlled substance, on the one hand, and possession of drug paraphernalia, on the other. 135 S. Ct. at 1989. The Court concluded that "the text [of Section 1227] . . . limits the meaning of 'controlled substance,' for removal purposes, to the substances controlled under § 802." *Id.* at 1990–91.

The Court expressly abrogated *Martinez-Espinoza*, on which the BIA relied here. *Id.* at 1989. The government concedes, and we agree, that *Luu-Le* and its progeny no longer are good law after *Mellouli*, either, and we expressly reject as effectively overruled the relevant holdings in

*Oseguera-Madrigal*, 700 F.3d at 1199–1200; *Bermudez*, 586 F.3d at 1168–69; *Estrada*, 560 F.3d at 1042; and *Luu-Le*, 224 F.3d at 916.  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) ("[W]here the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled").

For present purposes, we see no material difference between the Kansas statute at issue in *Mellouli* and the Nevada statute at issue in this case.  Kansas law lists some substances that are not on the federal list, *Mellouli*, 135 S. Ct. at 1984, and it is undisputed that Nevada law lists at least some substances that are not on the federal list, *compare* 21 U.S.C. § 802 *with* Nev. Admin. Code §§ 453.510–453.550 (listing Datura, hydrogen iodide gas, human growth hormone, and Carisoprodol, as controlled substances).  Analytically, it is unimportant whether Nevada regulates sixteen substances that are not controlled substances under federal law, as Petitioner claims, or only four, as the government concedes; it is the fact, not the degree, of overinclusiveness that matters. *See Mellouli*, 135 S. Ct. at 1989 (rejecting a test that would deem "a state paraphernalia possession conviction categorically relate[d] to a federal controlled substance so long as there is 'nearly a complete overlap' between the drugs controlled under state and federal law" (quoting *Mellouli v. Holder*, 719 F.3d 995, 1000 (8th Cir. 2013))).  Because the Nevada statute penalizes possession of paraphernalia in connection with substances that are not controlled under federal law, we hold that it is overbroad, so that Petitioner's conviction is not categorically for violation of a law relating to a controlled substance.

We agree with Respondent, though, that a remand is required.  We hold only that Petitioner is not categorically barred from seeking cancellation of removal because of his misdemeanor conviction under Nevada's drug paraphernalia statute.  The agency must consider, in the first instance, the potential application of the modified categorical approach, as well as the merits of Petitioner's request for cancellation.  *See Mellouli*, 135 S. Ct. at 1986 n.4 (expressly declining to decide whether the modified categorical approach could apply); *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985))).

**Petition GRANTED; REMANDED.**