**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILIO HERNANDEZ, AKA Emilio Agustin Hernandez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71786 <br><br> Agency No. A079-531-005 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Emilio Hernandez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

At the time the BIA determined that Hernandez was ineligible for cancellation of removal because his conviction for possession of controlled substance paraphernalia under Cal. Health & Safety Code § 11364 terminated his accrual of continuous physical presence, *see* 8 U.S.C. § 1229b(d)(1)*,* our precedent held that a conviction under that statute was categorically an offense "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II), *see Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009). However, in *Mellouli v. Lynch*, – U.S. – , 135 S. Ct. 1980, 192 L. Ed. 2d 60 (2015), the Supreme Court held that a conviction for possession of drug paraphernalia does not meet this standard unless there is "a direct link between an alien's crime of conviction and a particular federally controlled drug." *See also Madrigal-Barcenas v. Lynch*, 797 F.3d 643 (9th Cir. 2015). We therefore remand for the BIA to reconsider Hernandez' eligibility for cancellation of removal in light of *Mellouli*.

In light of this disposition, we do not reach Hernandez' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

13-71786