**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL GOMEZ LINARES, AKA Miguel Gomez Linarez, AKA Miguel Gomez Tenas, | No. 15-72057 |
| Petitioner, | Agency No. A094-313-011 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Miguel Gomez Linares, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo questions of law.  *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014).  We deny the petition for review.

The agency did not err in determining that Gomez Linares is ineligible for temporary protected status, where the record shows he was convicted in 2007 of a felony under California Health and Safety Code § 11350(a).  *See*  8 U.S.C. § 1254a(c)(2)(B)(i) (alien who has committed a felony is not eligible for temporary protected status).

Gomez Linares' contention that his conviction has been reduced to a misdemeanor is not supported by the record.

The agency did not err in determining that Gomez Linares would have been ineligible for relief under the Federal First Offender Act ("FFOA") had he been prosecuted in federal court, where, notwithstanding the later dismissal of his conviction under state law, the record shows he failed to abide by the terms of his grant of deferred entry of judgment.  *See Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009) ("FFOA relief is not available when the person whose conviction is expunged has violated a condition of probation."), *overruled on other grounds by Madrigal-Barcenas v. Lynch*, 797 F.3d 643 (9th Cir. 2015).

**PETITION FOR REVIEW DENIED.**

2