**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10503 |
| Plaintiff-Appellee, | D.C. No.<br>3:16-CR-003-MMD-WGC |
| v. | |
| RICHARD E. TURNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: GOULD, MURGUIA, Circuit Judges, and FREUDENTHAL,** Chief District Judge

Defendant Richard Turner appeals from the district court's judgment and challenges the 46-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

On appeal, Turner first argues the district court improperly based his sentence on the need for education and treatment in violation of *Tapia v. United States*, 564 U.S. 319 (2011). Turner failed to raise this claim with the district court. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court recognized Turner's need for educational training and treatment as a component of the sentencing factors in 18 U.S.C. § 3553(a)(2)(D). However, the record does not support Turner's claim that the district court imposed or lengthened Turner's sentence to promote education or treatment. *See, Tapia*, 564 U.S. at 330.

Turner also challenges the district court's finding that Nevada Revised Statute ("NRS") § 453.321 is categorically a controlled substance offense. Turner failed to raise all of his current arguments before the district court, so we review for plain error. *Valencia-Barragan*, 608 F.3d at 1108. The district court plainly erred by

---

** The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

finding NRS § 453.321 is categorically a "controlled substance offense" under the sentencing guidelines. Nevada Revised Statute § 453.321 covers substances not contained in the federal Controlled Substances Act. "[I]t is undisputed that Nevada law lists at least some substances that are not on the federal list, *compare* 21 U.S.C. § 802 *with* Nev. Admin. Code §§ 453.510–453.550 (listing Datura, hydrogen iodide gas, human growth hormone, and Carisoprodol, as controlled substances)." *Madrigal-Barcenas v. Lynch*, 797 F.3d 643, 645 (9th Cir. 2015) (discussing Nevada's possession of paraphernalia statute, which contains the same drug schedules as NRS § 453.321). For these reasons, NRS § 453.321 is overbroad and is not categorically a controlled substance offense. We remand this matter back to the district court to determine in the first instance whether NRS § 453.321 is divisible and, if necessary, to apply the modified categorical approach.

Having held there was a procedural error, we do not reach Turner's claim that his sentence was substantively unreasonable. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir. 2008) ("On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.") (citation omitted).

**VACATED AND REMANDED.**