IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-471

 Filed: 3 December 2019

Nash County, No. 15 CRS 52330

STATE OF NORTH CAROLINA

 v.

ALI AWNI SAID MARZOUQ, Defendant.

 Appeal by defendant from order entered 28 December 2018 by Judge Quentin

T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 31 October

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Tin Fulton Walker & Owen, PLLC, by Jim Melo, Esq., for defendant-appellant.

 North Carolina Advocates for Justice, by Helen L. Parsonage, and North
 Carolina Justice Center, by Raul A. Pinto, amici curiae.

 YOUNG, Judge.

 Where defendant’s guilty plea presumptively subjected him to deportation,

trial counsel’s advice that defendant “may” be deported constituted ineffective

assistance of counsel. However, where the record does not affirmatively show

whether the trial court considered defendant’s prior convictions to determine

prejudice, we must remand for further findings. We affirm in part, but remand in

part.
 STATE V. MARZOUQ

 Opinion of the Court

 I. Factual and Procedural Background

 On 3 August 2015, Ali Awni Said Marzouq (defendant) was indicted by the

Nash County Grand Jury for possession with intent to sell and deliver heroin, and

possession of a Schedule II controlled substance. At some point he was also charged

with maintaining a vehicle or dwelling place for the keeping or selling of controlled

substances. Defendant pleaded guilty to the charges of possession of heroin and

maintaining a vehicle or dwelling place, and the trial court entered judgment, namely

a two-year suspended sentence. On the transcript of plea, next to Question 8, which

asks whether the defendant understands that a guilty plea may result in deportation,

defendant wrote “Permanent resident.”

 On 12 July 2018, defendant filed a motion for appropriate relief (MAR), seeking

to withdraw his guilty plea. Defendant, an immigrant, alleged that roughly one year

into his two-year suspended sentence, he was seized by Immigration and Customs

Enforcement and placed into detention and removal proceedings. He argued that,

had he known the plea would impact his immigration status and result in

deportation, he would not have taken it. On 10 September 2018, the trial court

entered an order, finding that defendant’s indication of “Permanent resident” in

response to Question 8 on the transcript of plea indicated an affirmative response.

The court therefore denied defendant’s MAR.

 -2-
 STATE V. MARZOUQ

 Opinion of the Court

 On 8 November 2018, this Court granted certiorari. In an order, this Court

required the trial court to review “whether petitioner’s Alford plea was induced by

misadvice of counsel regarding the immigration consequences of the plea and whether

any misadvice resulted in prejudice to petitioner.” The matter was remanded to the

trial court for review, and on 28 December 2018, the trial court entered another order.

The court found that defendant had been advised that if he pleaded guilty, he might

be deported; that defendant had further been advised to speak to an immigration

attorney; that defendant asserted to the trial court that he was a citizen, not a

permanent resident, of the United States; and that this assertion “precluded any

further inquiry into his immigration status and thwarted both the Court and the

State’s ability to cure any misadvice the defendant may have received.” The court

therefore found that counsel’s advice did not constitute ineffective assistance of

counsel, and that defendant failed to show prejudice. The trial court once more denied

defendant’s MAR.

 On 11 March 2019, this Court granted certiorari to review the trial court’s 28

December 2018 order denying defendant’s MAR.

 II. Standard of Review

 “When considering rulings on motions for appropriate relief, we review the

trial court’s order to determine ‘whether the findings of fact are supported by

evidence, whether the findings of fact support the conclusions of law, and whether

 -3-
 STATE V. MARZOUQ

 Opinion of the Court

the conclusions of law support the order entered by the trial court.’ ” State v. Frogge,

359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) (quoting State v. Stevens, 305 N.C. 712,

720, 291 S.E.2d 585, 591 (1982)). “When a trial court’s findings on a motion for

appropriate relief are reviewed, these findings are binding if they are supported by

competent evidence and may be disturbed only upon a showing of manifest abuse of

discretion. However, the trial court’s conclusions are fully reviewable on appeal.”

State v. Wilkins, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (citations

omitted).

 III. Ineffective Assistance of Counsel

 In his first argument, defendant contends that the trial court erred in finding

that defense counsel’s conduct was not ineffective assistance of counsel. We agree.

 In his MAR, defendant alleged that counsel informed him that his plea “may

affect his immigration status or . . . that it would not affect his immigration status in

any manner.” Defendant attached to his MAR three affidavits. In one, his own,

defendant averred that his attorney “specifically told me not to worry about

Immigration.” In another, his fiancée Shannon Pitt averred that defense counsel

“said that [defendant] would not have anything to worry about with his immigration

status.” Defendant, citing the case of Padilla v. Kentucky, 559 U.S. 356, 176 L. Ed.

2d 284 (2010), noted that counsel is “constitutionally ineffective if he fails to advise –

or misadvises – his client about the immigration consequences of a guilty plea.”

 -4-
 STATE V. MARZOUQ

 Opinion of the Court

Defendant therefore argued in his MAR, and argues now on appeal, that he received

ineffective assistance of counsel as a result of his attorney’s misadvice.

 This Court has held that “Padilla mandates that when the consequence of

deportation is truly clear, it is not sufficient for the attorney to advise the client only

that there is a risk of deportation.” State v. Nkiam, 243 N.C. App. 777, 786, 778

S.E.2d 863, 869 (2015). In the instant case, defendant’s plea concerned possession of

heroin and maintaining a dwelling place, two drug-related offenses. Federal law

requires an alien or permanent resident to be deported who “has been convicted of a

violation of (or a conspiracy or attempt to violate) any law or regulation of a State,

the United States, or a foreign country relating to a controlled substance . . . other

than a single offense involving possession for one’s own use of 30 grams or less of

marijuana[.]” 8 U.S.C. § 1227(a)(2)(B)(i). This statute provides an explicit mandate

– such an alien “shall” be removed if he or she falls within this or other categories.

 We hold that where federal statute mandates removal, there is a presumption

that deportation will happen. As such, pursuant to Padilla and Nkiam, it is not

sufficient for counsel to suggest that deportation “may” happen or is possible. It is

incumbent upon counsel, in a situation like this where deportation is presumed where

a defendant pleads or is found guilty, to specify that deportation is probable, or

presumptive. Waffling language suggesting a mere possibility of deportation does

 -5-
 STATE V. MARZOUQ

 Opinion of the Court

not adequately inform the client of the risk before him or her, and does not permit a

defendant to make a reasoned and informed decision.

 In the instant case, the evidence is somewhat inconsistent. Defendant

contends that counsel did not inform him whatsoever of the consequences of his plea,

while counsel avers that he informed him there may be consequences. At most,

however, the evidence would permit the trial court to find that counsel only offered

the possibility of deportation – “may” language, instead of “presumptive” language.

As we have held, such language is insufficient when a defendant is facing

presumptive deportation. Accordingly, we hold that defendant received ineffective

assistance of counsel, and the trial court erred in finding otherwise.

 We note, however, that a showing of ineffective assistance of counsel is

insufficient to grant defendant the relief he seeks; he must also show prejudice. For

this reason, we continue to examine defendant’s arguments.

 IV. Prejudice

 In his second argument, defendant contends that the trial court erred in

finding that defendant was not prejudiced by defense counsel’s conduct. We disagree.

 Defendant argues that the decision to reject the plea bargain and go to trial

would have been a rational one, had he known of the immigration consequences of

his decision. As a result, he contends that this guilty plea subjected him to prejudice,

namely deportation, where he otherwise might not have been subject.

 -6-
 STATE V. MARZOUQ

 Opinion of the Court

 “Generally, to establish prejudice, a defendant must show that there is a

reasonable probability that, but for counsel’s unprofessional errors, the result of the

proceeding would have been different.” State v. Allen, 360 N.C. 297, 316, 626 S.E.2d

271, 286 (2006) (citations and quotation marks omitted).

 The State, in its brief, cites to numerous federal cases which suggest that a

defendant who is facing deportation on other grounds cannot show prejudice. See e.g.

United States v. Batamula, 823 F.3d 237, 242 (5th Cir. 2016) (holding that, where a

defendant was “already deportable for having overstayed his visa[,]” he “failed to

show prejudice”). We agree with the State, in principle. A showing of prejudice

requires a showing that, absent the allegedly erroneous action, a different outcome

would have resulted. If a defendant was facing deportation for a separate charge,

then regardless of whether he pleaded or went to trial on the instant charge,

deportation would still result. As such, we hold that a defendant already facing

deportation could not show prejudice, notwithstanding the otherwise ineffective

assistance of trial counsel.

 The problem that confronts us, however, is the insufficiency of the record. The

State notes that “the Department of Homeland Security has taken the position that

Defendant is subject to removal on the basis of two convictions: (1) his 30 June 2016

conviction for possession of drug paraphernalia, and (2) his 2 March 2017 conviction

for possession of heroin.” Moreover, defendant’s trial counsel acknowledged his prior

 -7-
 STATE V. MARZOUQ

 Opinion of the Court

conviction for possession of drug paraphernalia. However, it is not clear to this Court

that the trial court had the complete factual background, including the position of the

Department of Homeland Security, before it.

 The State concedes, and we so hold, that a conviction for possession of drug

paraphernalia, as opposed to a conviction more directly relating to a controlled

substance, does not render a noncitizen presumptively removable. See e.g. Madrigal-

Barcenas v. Lynch, 797 F.3d 643, 645 (9th Cir. 2015) (holding that a conviction for

possession of drug paraphernalia is “not categorically for violation of a law relating

to a controlled substance”).

 In the instant case, the trial court’s order noted a number of defendant’s

pending charges in other cases. It did not, however, contain any findings as to other

convictions, nor as to whether these convictions made defendant eligible for

deportation. Rather, the trial court, upon finding and concluding that defendant did

not receive ineffective assistance of counsel, somewhat summarily found and

concluded that defendant was not prejudiced by same.

 It is true that, in a case such as this, where the trial court’s findings are

supported by competent evidence, they are binding upon this Court. And it is true

that defendant’s counsel conceded the existence of his prior conviction for possession

of drug paraphernalia. However, such a conviction does not render defendant

presumptively removable, and it is not clear that the trial court had the position of

 -8-
 STATE V. MARZOUQ

 Opinion of the Court

Homeland Security before it to support that determination. As such, it is not clear to

this Court that there was, in fact, competent evidence to support the trial court’s

finding that there was no prejudice. We therefore remand this issue to the trial court

for the entry of findings consistent with this opinion. On remand, the trial court shall

consider whether defendant was prejudiced based on the ineffective assistance of

counsel, and shall specifically consider whether defendant is subject to deportation

on other charges.

 V. Assertion of Citizenship

 In his third argument, defendant contends that the trial court erred in finding

that defendant’s assertion of United States citizenship rendered his MAR moot.

While we need not address this issue, as we have remanded this matter for further

proceedings, we feel we nonetheless must clarify a matter of trial procedure.

 In its order denying defendant’s MAR, the trial court found:

 23. When questioned by the Court during the plea
 colloquy on March 2, 2017, defendant told the Court that
 he was a citizen of the United States.

 24. Defendant subsequently admitted that he told the
 Court he was a citizen of the United States.

 25. Defendant’s presentation to the Court that he was in
 fact a citizen of the United States precluded any further
 inquiry into his immigration status and thwarted both the
 Court and the State’s ability to cure any misadvice the
 defendant may have received.

 -9-
 STATE V. MARZOUQ

 Opinion of the Court

As a result, the trial court concluded that “[t]he defendant’s assertion to the Court

that he was a citizen renders this MAR moot.” Defendant contends that this

conclusion was erroneous.

 Simply put, the trial court’s analysis was in error. Pursuant to our General

Statutes:

 Except in the case of corporations or in misdemeanor cases
 in which there is a waiver of appearance under G.S. 15A-
 1011(a)(3), a superior court judge may not accept a plea of
 guilty or no contest from the defendant without first
 addressing him personally and:

 (1) Informing him that he has a right to remain silent
 and that any statement he makes may be used against him;

 (2) Determining that he understands the nature of the
 charge;

 (3) Informing him that he has a right to plead not guilty;

 (4) Informing him that by his plea he waives his right
 to trial by jury and his right to be confronted by the
 witnesses against him;

 (5) Determining that the defendant, if represented by
 counsel, is satisfied with his representation;

 (6) Informing him of the maximum possible sentence on
 the charge for the class of offense for which the defendant
 is being sentenced, including that possible from
 consecutive sentences, and of the mandatory minimum
 sentence, if any, on the charge; and

 (7) Informing him that if he is not a citizen of the United
 States of America, a plea of guilty or no contest may result
 in deportation, the exclusion from admission to this

 - 10 -
 STATE V. MARZOUQ

 Opinion of the Court

 country, or the denial of naturalization under federal law.

N.C. Gen. Stat. § 15A-1022(a) (2017). No provision is made that permits the trial

court to bypass one of these questions. Indeed, all are mandatory. It was therefore

error for the trial court to determine that, where defendant asserted his citizenship,

it was not necessary for the trial court to inform him of the risk of deportation.

 However, the trial court was nonetheless correct, but for a different reason.

Our General Statutes also provide that “[n]oncompliance with the procedures of this

Article may not be a basis for review of a conviction after the appeal period for the

conviction has expired.” N.C. Gen. Stat. § 15A-1027 (2017). In other words, despite

the trial court’s failure to engage in proper colloquy with defendant, in violation of

N.C. Gen. Stat. § 15A-1022, that failure ceased to be grounds for review when the

time for appeal had passed. Defendant’s MAR was filed in 2018, long after the appeal

period had passed, and as such, any argument concerning the trial court’s failure to

comply with statute was indeed rendered moot.

 We nonetheless feel the need to reinforce the importance of following this

procedure. The requirements outlined in N.C. Gen. Stat. § 15A-1022 are mandatory,

regardless of what a defendant might say, and we advise the courts of this State to

comply with them.

 AFFIRMED IN PART, REMANDED IN PART.

 Judges DILLON and DIETZ concur.

 - 11 -