**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ENRIQUE AGUILAR-BARILLAS,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   14-71905<br><br>Agency No. A072-515-677<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:   WALLACE, CLIFTON, and BRESS, Circuit Judges.

Miguel Enrique Aguilar-Barillas, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo questions of law. *See Estrada v. Holder*, 560 F.3d 1039, 1041 n.1 (9th Cir. 2009), *overruled on other grounds by Madrigal-Barcenas v. Lynch*, 797 F.3d 643 (9th Cir. 2015). We deny the petition for review.

The BIA did not err in concluding that Aguilar-Barillas's 2007 conviction under California Health and Safety Code § 11377(a) was ineligible for Federal First Offender Act ("FFOA") treatment, where, notwithstanding the later dismissal of his conviction under state law, the record shows he failed to abide by the terms of his grant of deferred entry of judgment. *See id.* at 1042 ("FFOA relief is not available when the person whose conviction is expunged has violated a condition of probation."); *see also* 18 U.S.C. §§ 3607(a), 3565 (FFOA authorizes dismissal of proceedings "if the person has not violated a condition of his probation").

The record does not support Aguilar-Barillas's contentions that the BIA failed to consider evidence or provided insufficient reasoning.

On January 13, 2015, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

2                                                                                      14-71905