**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

FRANCIS R. CASILDO,

*Defendant-Appellant*.

No. 23-35483

D.C. Nos.
4:22-cv-00147-
BLW
4:18-cr-00175-
BLW-2

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted September 15, 2025
Seattle, Washington

Filed March 31, 2026

Before: William A. Fletcher and Ana de Alba, Circuit
Judges, and William Horsley Orrick,[*] District Judge.

Opinion by Judge W. Fletcher

[*] The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

The panel reversed the district court's dismissal of Francis R. Casildo's motion to vacate his sentence under 28 U.S.C. § 2255, and remanded for resentencing, in a case in which Casildo contended that the district court erred in applying a career offender enhancement.

Casildo was convicted of two counts of possession with intent to distribute methamphetamine and one count of conspiracy to distribute a controlled substance. At sentencing, the district court classified Casildo as a career offender based on two prior convictions. One of these convictions was for the sale of controlled substances in violation of Nevada Revised Statute § 453.321(1)(a).

In his § 2255 motion, Casildo argued that his prior conviction under § 453.321(1)(a) was not a "controlled substance offense" under U.S.S.G. § 4B1.1(a). The district court found this claim, which Casildo did not raise on direct appeal, procedurally barred. The district court alternatively found, on the merits, that there had been no error in designating Casildo as a career offender.

The panel held that there was cause for, and prejudice resulting from, Casildo's procedural default.

- Rejecting the government's waiver argument, the panel held that Casildo did, in

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

effect, raise in the district court a claim that his counsel on direct appeal provided ineffective assistance by failing to challenge the validity of his career offender status.

- Counsel's performance on direct appeal was clearly deficient in failing to challenge the application of the career offender enhancement, as a meritorious indivisibility argument was sufficiently foreshadowed in existing case law.

- Casildo, who needed only to show that the district court miscalculated the Guidelines range, was prejudiced. Even if he needed to show more, Casildo did so because the record indicates that there is more than a reasonable probability that his sentence would have been different had the court not applied the career offender enhancement.

The procedural default is therefore excused.

On the merits, the panel held that Casildo's conviction under § 453.321(1)(a) is not a controlled substance offense under § 4B1.1(a). It was undisputed that § 453.321(1)(a) is overbroad and thus not a categorical match with a federal drug trafficking offense because some of the controlled substances listed in the Nevada statute are not listed in the federal Controlled Substances Act. The panel held that § 453.321(1)(a)'s *actus reus* clause—which lists a series of prohibited acts—is indivisible. A conviction under § 453.321(1)(a) therefore cannot serve as a predicate offense for career offender status under § 4B1.1, and Casildo was improperly sentenced as a career offender.

**COUNSEL**

Darci W. Crane (argued), Assistant United States Attorney; Justin D. Whatcott, Acting United States Attorney; Office of the United States Attorney, United States Department of Justice, Boise, Idaho; Jack Haycock, Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Pocatello, Idaho; for Plaintiff-Appellee.

Greg S. Silvey (argued), Silvey Law Office Ltd., Boise, Idaho, for Defendant-Appellant.

**OPINION**

W. FLETCHER, Circuit Judge:

Francis R. Casildo was convicted of two counts of possession with intent to distribute methamphetamine and one count of conspiracy to distribute a controlled substance. At sentencing, the district court classified Casildo as a "career offender" based on two prior convictions. One of these convictions was for the sale of controlled substances in violation of Nevada Revised Statute § 453.321(1)(a). As a career offender, Casildo was sentenced to 235 months in prison. He did not challenge his career offender classification on direct appeal, and our court affirmed the sentence in an unpublished decision. *United States v. Casildo*, 835 F. App'x 256 (9th Cir. 2021).

Proceeding pro se, Casildo filed a motion to vacate his sentence under 28 U.S.C. § 2255, contending that the district court erred in applying the career offender enhancement. He

argued that his prior conviction under § 453.321(1)(a) was not a "controlled substance offense" under § 4B1.1(a) of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The district court dismissed Casildo's § 2255 motion, finding his claim procedurally barred. It alternatively found, on the merits, that there had been no error in designating Casildo as a career offender.

We hold that Casildo's claim is not procedurally barred. We further hold that his conviction under § 453.321(1)(a) is not a conviction for a controlled substance offense within the meaning of U.S.S.G. § 4B1.1(a). We reverse and remand for resentencing consistent with this opinion.

## I. Factual and Procedural Background

In May 2018, Casildo and two co-defendants were indicted for selling methamphetamine to a confidential informant. Casildo was charged with two counts of intent to distribute methamphetamine and one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C), 846, and 18 U.S.C. § 2. After a three-day trial, the jury found him guilty on all counts.

Casildo's Presentence Investigation Report ("PSR") calculated an initial base offense level of 32, with a two-level increase for his leadership role in the conspiracy, resulting in an adjusted offense level of 34. U.S.S.G. § 3B1.1(c). The PSR calculated a criminal history score of 13, placing Casildo in criminal history category VI. The PSR classified Casildo as a career offender under U.S.S.G. § 4B1.1 because he had two prior convictions for a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b). Specifically, the PSR concluded that his 2011 federal conviction for distribution of cocaine in violation of 21 U.S.C. § 841 and his 2006 Nevada state conviction for sale of controlled

substances in violation of Nev. Rev. Stat. § 453.321 were both qualifying offenses.  This career offender enhancement also placed Casildo at a total offense level of 34 and in criminal history category VI.  U.S.S.G. § 4B1.1(b).  Under either calculation, Casildo had a Guidelines imprisonment range of 262 to 327 months.

At sentencing, counsel informed the court that the PSR had erroneously listed one of Casildo's prior convictions twice, resulting in a two-point increase in his criminal history score.  Without this error, Casildo would have been in criminal history category V, which corresponds to a Guidelines imprisonment range of 235 to 293 months.  However, because Casildo was classified as a career offender, the district court found that the Guidelines required a criminal history category of VI, thereby retaining the original sentencing range of 262 to 327 months.

The district judge sentenced Casildo to 235 months, 27 months below the low end of the Guidelines range for a career offender with his criminal history.  Casildo's sentence was substantially longer than the ten-year sentence that his co-defendant, Jesus M. Requena, received after pleading guilty to similar charges.  At the sentencing hearing, the court explained that Casildo's longer sentence was due in large part to his career offender status:

> The guideline range is properly calculated at 262 to 327 months, and as we discussed earlier, that was driven almost completely by the fact that Mr. Casildo is regarded as a career offender, having had two prior drug-trafficking convictions.  And I think that essentially says it all.  Were it not for those two prior convictions or if there had only

been one prior drug conviction, we would be talking about a very, very different case, a very, very different sentence, probably something on the order of what Mr. Requena received, maybe even less.

On direct appeal, Manuel Murdoch was appointed as Casildo's new counsel. On May 27, 2020, Casildo moved for substitution of counsel, alleging that Murdoch was not providing effective assistance. Specifically, Casildo claimed that Murdoch was uncommunicative and never responded to his letter urging Murdoch to challenge the career offender enhancement. On June 17, 2020, Murdoch notified the court that Casildo had agreed to work with him and no longer desired substitution of counsel. Murdoch never challenged the career offender enhancement on direct appeal, and this court affirmed Casildo's sentence in an unpublished disposition. *Casildo*, 835 F. App'x 256.

Proceeding pro se, Casildo subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255. He contended that the district court erred in applying the career offender enhancement because his conviction in violation of § 453.321(1)(a) was not a qualifying controlled substance offense under U.S.S.G. § 4B1.1(a). Because Casildo did not raise this claim on direct appeal, it was procedurally defaulted. Therefore, in order to raise this claim under § 2255, he was required to show cause for having failed to raise it on direct appeal and prejudice resulting from his failure to do so. *United States v. Pollard*, 20 F.4th 1252, 1255–56 (9th Cir. 2021). The district court pretermitted the cause analysis and held that Casildo had not shown prejudice. The court noted that even without the career offender classification, Casildo's Guidelines range would

have been 235 to 293 months.  The court concluded that because Casildo received a sentence at the bottom of that range, he could not demonstrate prejudice even if he could show that the court erred in applying the career offender enhancement.  The court went on to conclude that Casildo's claim would have failed on the merits in any event because § 453.321(1)(a) was a controlled substance offense under the Guidelines, and he was thus properly designated as a career offender under § 4B1.1.

We hold that there was cause for, and prejudice resulting from, Casildo's procedural default, and that his failure to raise his claim on direct appeal may therefore be excused. On the merits, we hold that Casildo's conviction under § 453.321(1)(a) is not a controlled substance offense under § 4B1.1(a).  We reverse and remand for further proceedings.

## II.  Standard of Review

We have jurisdiction under 28 U.S.C. § 2253.   We review a dismissal of a § 2255 motion to vacate de novo. *Pollard*, 20 F.4th at 1255.

## III.  Discussion

## A.  Procedural Default

Because Casildo did not object to the career offender enhancement on direct appeal, he must overcome his procedural default in order to raise this claim under § 2255. To do so, he must demonstrate "(1) cause for why he did not object to or directly appeal the alleged error and (2) actual prejudice resulting from the error."  *Id.* at 1255–56.  For the reasons that follow, we conclude that Casildo's sentencing claim is not procedurally barred.

## 1. Waiver

We first consider whether Casildo has waived an argument essential to his contention that his procedural default should be excused. Ineffective assistance of counsel ("IAC") constitutes cause under the first prong of the procedural default test. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). The government argues that Casildo waived his argument that Murdoch provided IAC because he failed to raise that claim in his § 2255 proceedings in the district court. The district court agreed with this argument, writing that Casildo's pro se reply brief conceded "that he never raised an ineffective assistance of counsel claim."

We hold, contrary to the conclusion of the district court, that Casildo did raise an IAC claim. Proceeding pro se, Casildo argued in the district court that his procedural default should be excused on the ground that a failure to excuse it would constitute a fundamental miscarriage of justice, citing *Davis v. United States*, 417 U.S. 333 (1974). Casildo explained that he "repeatedly urged appointed counsel to challenge the validity of his Career Offender status," but that his counsel on direct appeal refused to do so. Although Casildo did not label his claim as an IAC argument—indeed, he disowned the label—it was in effect an IAC argument. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed."). We therefore consider the argument, now made on appeal by Casildo's appellate counsel, that his counsel on direct appeal provided IAC.

## 2. Cause

Ineffective assistance of counsel constitutes cause for procedural default if the counsel's performance is ineffective under the *Strickland* standard. *See Leeds v. Russell*, 75 F.4th

1009, 1022 (9th Cir. 2023). *Strickland* requires Casildo to show that (1) his counsel's "performance was deficient," and that (2) the "deficient performance prejudiced" him. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The performance of Casildo's counsel on direct appeal was clearly deficient. Despite Casildo's repeated urging, his counsel failed to challenge the application of the career offender enhancement. As we explain below, Casildo's conviction under § 453.321(1)(a) was not a qualifying controlled substance offense because a key provision of the statute was indivisible. The indivisibility argument was "sufficiently foreshadowed in existing case law" at the time of Casildo's direct appeal such that his counsel should have made that argument. *Id.* at 1020 (quoting *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021)).

### 3. Prejudice

A petitioner is prejudiced at sentencing if there is "a reasonable probability that, but for the error," the result of the proceeding would have been different. *Pollard*, 20 F.4th at 1256 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). The government contends that Casildo cannot show prejudice because the Guidelines range would have been 235 to 293 months without the career offender enhancement, and Casildo was sentenced to 235 months, at the low end of that range. The government's argument is unpersuasive.

First, Casildo need only show that the district court miscalculated the Guidelines range. "Regardless of whether the sentence imposed is inside or outside the Guidelines range," a court commits "significant procedural error" by "improperly calculating[] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If a court errs in its

Guidelines calculation, that court's "mere statement that it would impose the same . . . sentence no matter what the correct calculation cannot, without more, insulate the sentence from remand, because the court's analysis did not flow from an initial determination of the correct Guidelines range." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011).

Second, even if Casildo needed to show more, he has done so. The record indicates that there is more than a reasonable probability that Casildo's sentence would have been different had the court not applied the career offender enhancement. At the sentencing hearing, the government emphasized Casildo's status as a career offender to distinguish him from his co-defendant Requena, who received only a ten-year sentence. The district court agreed, stating that absent Casildo's career offender status, "we would be talking about a very, very different case, a very, very different sentence, probably something on the order of what Mr. Requena received, maybe even less."

## B. Qualifying Predicate Offense

Under the Guidelines, a defendant will be classified as a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two

prior felony convictions of either a crime of
violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The question before us is whether,
under (3), Casildo's Nevada conviction was a controlled
substance offense.

Nevada Revised Statute § 453.321 makes it unlawful for
a person to "[i]mport, transport, sell, exchange, barter,
supply, prescribe, dispense, give away or administer a
controlled or counterfeit substance."  Nev. Rev. Stat.
§ 453.321(1)(a).  In *United States v. Martinez-Lopez*, 864
F.3d 1034, 1038–39 (9th Cir. 2017) (en banc), we outlined a
three-step test to determine whether state convictions qualify
as predicate "controlled substance offense[s]" under
§ 4B1.1.

### 1.  Categorical Approach

At step one, we determine "whether the state law is a
categorical match with a federal drug trafficking offense."
*Id.* at 1038 (citing *Taylor v. United States*, 495 U.S. 575,
599–600 (1990)).  A state statute is a categorical match "if it
proscribes the same amount of or less conduct than the
federal statute."  *United States v. Hernandez*, 769 F.3d 1059,
1062 (9th Cir. 2014) (citations omitted).  It is undisputed that
§ 453.321(1)(a) is overbroad and thus not a "categorical
match with a federal drug trafficking offense" because some
of the controlled substances listed in the Nevada statute are
not listed in the federal Controlled Substances Act.
*Martinez-Lopez*, 864 F.3d at 1038; *see United States v.
Turner*, 706 F. App'x 345, 346 (9th Cir. 2017); *compare* 21
U.S.C. § 802, *with* Nev. Admin. Code §§ 453.510–453.550.

## 2. Divisibility

If the state statute is not a categorical match, we proceed to step two. At this step, we "ask whether [§ 453.321(1)(a)] is a divisible statute which 'sets out one or more elements of the offense in the alternative.'" *Martinez-Lopez*, 864 F.3d at 1038 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). If the state statute is divisible, we proceed to step three and apply the modified categorical approach. *Id.* at 1039. If, on the other hand, the state statute is indivisible and broader than the federal analogue, then a "prior conviction under that statute will never qualify as a predicate drug trafficking offense under the federal sentencing guidelines" and our inquiry ends. *Id.*

Divisible statutes "define multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). For example, if a state statute prohibits "'the lawful entry or the unlawful entry' of a premises with intent to steal, so as to create two different offenses, one more serious than the other," the statute is divisible. *Id.* A prosecutor charging a defendant with burglary under this statute would "select the relevant element from its list of alternatives"—for example, unlawful entry—and the jury "must then find that element, unanimously and beyond a reasonable doubt." *Descamps*, 570 U.S. at 272. Thus, if a defendant is convicted under a divisible statute, a sentencing court can determine whether the defendant committed a qualifying offense by looking to the particular element the jury found. *See id.*

By contrast, an indivisible statute "sets out a single . . . set of elements to define a single crime." *Mathis*, 579 U.S. at 504–05. To continue with a version of the earlier example, consider a state statute that defines burglary as "entering a location (even if lawfully) with the intent to

steal." *Id.* at 505 (citing *Descamps*, 570 U.S. at 260–61). There, the statute is indivisible with respect to the lawfulness of entry because it punishes entering with the intent to steal, whether the entry is lawful or unlawful. *Id.* This statute is also overbroad in comparison to the generic definition of burglary because the generic definition does not include lawful entry. *Id.; see Descamps*, 570 U.S. at 276–77. Such an "overbroad and indivisible" statute would thus not qualify as a predicate offense under the Guidelines. *See Martinez-Lopez*, 864 F.3d at 1039.

Section 453.321 makes it a felony for a person to "[i]mport, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance." Nev. Rev. Stat. § 453.321(1)(a). Casildo does not dispute that the second clause of this provision, regarding the identity of the controlled substance, is divisible. He argues, however, that the first clause—the *actus reus* clause—which lists a series of prohibited acts, is both indivisible and broader than the federal statute. The district court disagreed, concluding that both clauses were divisible.

We agree with Casildo that the *actus reus* clause of § 453.321(1)(a) is indivisible. In *Villavicencio v. Sessions*, 904 F.3d 658 (9th Cir. 2018), we held that a similar *actus reus* clause in Nev. Rev. Stat. § 454.351 is indivisible. Section 454.351 states that "[a]ny person within this State who possesses, procures, obtains, processes, produces, derives, manufactures, sells, offers for sale, gives away or otherwise furnishes any drug which may not be lawfully introduced into interstate commerce under the Federal Food, Drug and Cosmetic Act is guilty of a misdemeanor." Nev. Rev. Stat. § 454.351(1). In holding that § 454.351 is indivisible, we first noted that "[t]he listed alternatives carry

no different punishments; they are all misdemeanors." *Villavicencio*, 904 F.3d at 666–67. We continued:

> Generally, in Nevada, a jury may convict without being unanimous as to the underlying means of committing the offense. "Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." Although the Nevada statute lists multiple means of violation, *i.e.*, possessing, procuring, or manufacturing, because jurors need not agree on the means of violation, the statute "must still be regarded as indivisible," and our inquiry is again at an end.

*Id.* (citations omitted) (quoting *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014)).

Given *Villavicencio* and the similarities between these two Nevada statutes, we conclude that the *actus reus* provision of § 453.321(1)(a) is indivisible. Neither the district court nor the government points to any meaningful difference between the *actus reus* provisions in these two statutes, nor explains why our reasoning in *Villavicencio* does not apply here. Indeed, relying on *Villavicencio* and the similarities between the statutes, the District Court of Nevada has held that § 453.321(1)(a) is indivisible and therefore does not qualify as a controlled substance offense under the Guidelines. *United States v. Turner,* No. 3:16-CR-

00003-MMD-WGC, 2018 WL 813875, at *3 (D. Nev. Feb. 9, 2018).

In reaching its contrary decision, the district court below relied on our unpublished disposition in *Rivera-Esquivel v. Garland*, No. 15-73482, 2021 WL 5298000 (9th Cir. Nov. 15, 2021). The panel in *Rivera-Esquivel* wrote that the *actus reus* clause of § 453.321 is divisible, citing three very brief per curiam decisions by the Nevada Supreme Court in support. *Id.* at *1 (citing *Sparks v. State*, 591 P.2d 268 (Nev. 1979) (per curiam); *Hamilton v. State*, 582 P.2d 376 (Nev. 1978) (per curiam); *Ward v. Sheriff, Clark Cnty.*, 529 P.2d 798 (Nev. 1974) (per curiam)). Those three decisions have no bearing on the question of divisibility. None of them hold that the *actus reus* clause of § 453.321(1)(a) is divisible. We are sympathetic with the district court. In holding that the *actus reus* clause of § 453.321(1)(a) is divisible, it relied on a decision of our court, but that decision is unpublished and is therefore not precedential.

Consistent with our decision in *Villavicencio* and with the Nevada district court's decision in *Turner*, we hold that § 453.321(1)(a) is indivisible and cannot serve as a qualifying predicate offense for career offender status under § 4B1.1. Accordingly, we need not proceed to step three of the *Martinez-Lopez* analysis.

## IV. Conclusion

We hold that Casildo's conviction for the sale of controlled substances in violation of Nevada Revised Statute § 453.321(1)(a) is not a qualifying predicate offense under United States Sentencing Guidelines § 4B1.1. Casildo was therefore incorrectly sentenced as a career offender. We reverse the district court's order dismissing his § 2255

motion and remand for resentencing consistent with this opinion.

**REVERSED and REMANDED.**