# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ESTUARDO ESTRADA, aka Jose
Fermin Estrada,

               *Petitioner,*

      v.

ERIC H. HOLDER, JR., Attorney
General,

               *Respondent.*

No. 05-75772

Agency No.
A070-184-862

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2009*
Pasadena, California

Filed March 26, 2009

Before: Diarmuid F. O'Scannlain, Pamela Ann Rymer, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Rymer

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

3647

## COUNSEL

Henry A. Posada, Law Offices of Henry A. Posada, Downey, California, for the petitioner.

Daniel E. Goldman, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

RYMER, Circuit Judge:

The question before us is whether an alien whose state conviction for possession of drug paraphernalia was expunged

under state law, but who violated the terms of his probation before expungement, would have been eligible for relief under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607(a). Generally, expungement of convictions under state rehabilitative statutes does not negate the immigration consequences of the conviction. Notwithstanding this, an alien is not removable if—had he been prosecuted in federal court— he would have qualified for relief under the FFOA. The FFOA relieves certain first-time offenders convicted on drug possession charges of what would otherwise be the immigration consequences of the conviction. However, FFOA relief is unavailable when an offender has violated a condition of probation. *See* 18 U.S.C. § 3607(a). For this reason, we deny the petition brought by Jose Estuardo Estrada, a native and citizen of Guatemala, whose application for adjustment to permanent resident status was denied and whom the immigration judge (IJ), and Board of Immigration Appeals (BIA), found ineligible for a waiver under 8 U.S.C. § 1182(h).

Estrada was convicted in 2001 for possession of pipe/drug paraphernalia in violation of California Health and Safety Code section 11364, and was placed on probation for three years. The state court twice found that he violated the terms and conditions of his probation. Nevertheless, Estrada's motion to set aside and vacate his plea, and dismiss the drug paraphernalia charges, was granted in August 2004 pursuant to California Penal Code section 1203.4.

Meanwhile, Estrada was served with a Notice to Appear for removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i) because he was present in the United States without having been admitted or paroled, and under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of burglary under section 459 of the California Penal Code, a crime of moral turpitude. He sought to apply for adjustment of status pursuant to a waiver of that conviction under 8 U.S.C. § 1182(h). Estrada's eligibility for waiver (hence his ability to pursue adjustment of status) ultimately came down to the sta-

tus of his 2001 conviction for possession of drug paraphernalia. Estrada maintained that expungement of this conviction meant that it was no longer a "conviction" disabling him from a § 1182(h) waiver because, had it been a federal conviction, he would have been relieved of immigration consequences under the FFOA. Both the IJ and the BIA disagreed, holding that the FFOA expressly limits relief to cases where "the person has not violated a condition of his probation." 18 U.S.C. § 3607(a).[1]

[1] This is clearly correct, as the FFOA states, with respect to qualifying convictions:

> At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

*Id.* Section 3565 provides for continuing the offender on probation or revoking probation and resentencing the defendant; it does not provide for dismissal or expungement of the underlying conviction. *See* 18 U.S.C. § 3565. Thus, because Estrada would not have been entitled to FFOA relief as a federal defendant, his California expungement does not negate his conviction for immigration purposes. *See Aguiluz-*

---

[1]"We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's determination that a controlled substance conviction precludes immigration relief as a matter of law." *Ramirez-Altamirano v. Mukasey*, 554 F.3d 786, 789 (9th Cir. 2009). When, as here, the BIA conducted an independent review of the record, our "review is limited to the BIA's decision, except to the extent the BIA expressly adopted the IJ's opinion." *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832 (9th Cir. 2008) (internal quotation marks omitted). We review *de novo* the BIA's legal determinations. *Aguiluz-Arellano v. Gonzales*, 446 F.3d 980, 983 (9th Cir. 2006).

*Arellano*, 446 F.3d at 983-84; *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 812 (9th Cir. 1994).

**[2]** Estrada relies on *Cardenas-Uriarte v. INS*, 227 F.3d 1132 (9th Cir. 2000), where we held that a conviction for possession of drug paraphernalia is an offense covered by the FFOA. Estrada suggests that in that case we applied the BIA's test for FFOA eligibility set forth in *Matter of Manrique*, 21 I. & N. Dec. 58 (B.I.A. 1995), and made no inquiry into the alien's probationary conduct. We disagree. The petitioner in *Cardenas-Uriarte* had not violated the terms and conditions of probation, so we were not addressing the issue presented by Estrada's case. While a person convicted of possessing drug paraphernalia may have a qualifying conviction under the FFOA umbrella, as we held in *Cardenas-Uriarte*, he still must meet the *other* requirements for FFOA relief. These include having no probation violations.

**[3]** We recently indicated as much in *Ramirez-Altamirano*. There we explained that "[a]t the end of the probation term, if the defendant has not violated any of the conditions of probation, the court will dismiss the proceedings and discharge the defendant without entering a judgment of conviction." 554 F.3d at 791. To the extent any question remains, we now make explicit that FFOA relief is not available when the person whose conviction is expunged has violated a condition of probation. Therefore, Estrada is not relieved of the immigration consequences of his 2001 conviction.

**[4]** Estrada also contends that the BIA should have remanded to the IJ for a determination whether his 2001 conviction for possession of pipe/drug paraphernalia under California Health & Safety Code section 11364 was a violation of a law "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II). It is. *See Luu-Le v. INS*, 224 F.3d 911, 915-16 (9th Cir. 2000). Accordingly, we agree with the BIA that Estrada is ineligible for a waiver under 8 U.S.C. § 1182(h).

DENIED.