**Gerson Sigfredo SERMENO-RODRIGUEZ, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73665.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.[*]

Filed Sept. 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mario Acosta, Jr., Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Edward J. Duffy, Esquire, Paul F. Stone, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

■ Gerson Sigfredo Sermeno–Rodriguez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006), and we deny in part and dismiss in part the petition for review.

■ Sermeno–Rodriguez's contention that his conviction for possession of drug paraphernalia in violation of California Health & Safety Code section 11364 is not a violation of a law "relating to a controlled substance" for immigration purposes is foreclosed by *Estrada v. Holder,* 560 F.3d 1039, 1042 (9th Cir.2009).

■ Sermeno–Rodriguez failed to exhaust his contention regarding the excep-

** This disposition is not appropriate for publication and is not precedent except as provid-          ed by 9th Cir. R. 36–3.

tion to 8 U.S.C. § 1227(a)(2)(B)(i) for a "single offense involving possession for one's own use of thirty grams or less of marijuana." *See Serrano v. Gonzales,* 469 F.3d 1317, 1319 (9th Cir.2006) (no jurisdiction over issues raised for the first time on appeal to this court).

■ We lack jurisdiction to review the IJ's discretionary denial of Sermeno–Rodriguez's cancellation of removal application. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Contrary to Sermeno–Rodriguez's contention, the BIA addressed whether the IJ properly weighed the evidence in reaching his decision. Sermeno–Rodriguez's contention that the IJ improperly weighed the evidence does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**