**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO GONZALEZ-ALVAREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-73090

Agency No. A077-343-447

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Petitioner, Antonio Gonzalez-Alvarez, seeks review of a Board of

Immigration Appeals (BIA) order pretermitting his application for Adjustment of

Status pursuant to the Immigration and Nationality Act (INA) § 245(I), 8 U.S.C. §

1255(i). Gonzalez-Alvarez argues that the BIA erred in concluding his drug

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conviction fails to qualify for treatment under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607 (2006).

Gonzalez-Alvarez's 2001 conviction does not qualify for expungement under the FFOA because Gonzalez-Alvarez violated the terms of his initial 1995 probation. If a person "violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565." 18 U.S.C. § 3607(a) (2006). *See Estrada v. Holder*, 560 F.3d 1039, 1041 (9th Cir. 2009) ("FFOA relief is unavailable when an offender has violated a condition of probation."); *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 811–12 (9th Cir. 1994) (explaining that an alien's offense must fall within the scope of the FFOA for the alien to avoid immigration consequences). *See also Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000) (noting that Ninth Circuit precedent requires that FFOA benefits "be extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would have been eligible for relief under the Act had their offenses been prosecuted as federal crimes").

The fact that Gonzalez-Alvarez later successfully completed a rehabilitative program and had the conviction dismissed under state law does not cure the original violation. Because the 1995 probation violation disposes of this case, we do not reach the remaining issues.

PETITION FOR REVIEW DENIED.