**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE CONTRERAS-NEGRETE, AKA Jorge Contreras, AKA Jose Contreras,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72650<br><br>Agency No. A095-773-014<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jorge Contreras-Negrete, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him removable and statutorily ineligible for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Contreras-Negrete pleaded guilty to possession of a controlled substance under California Health & Safety Code § 11377(a). The record of conviction establishes that the controlled substance underlying his conviction was methamphetamine. He subsequently twice failed to comply with the terms of his grant of deferred entry of judgment under California Penal Code § 1000. Because of his failure to abide by the terms of the deferred judgment program, Contreras-Negrete would have been ineligible for relief under the Federal First Offender Act ("FFOA") had he been prosecuted in federal court. *See* 18 U.S.C. § 3607(a). The fact that Contreras-Negrete later successfully completed a rehabilitative program and had the conviction dismissed under state law does not cure the original violations. *See* 8 U.S.C. § 1101(a)(48)(A); *see also Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009) ("FFOA relief is not available when the person whose conviction is expunged has violated a condition of probation."), *overruled on other grounds by Mellouli v. Lynch*, – U.S. –, 135 S. Ct. 1980, 192 L. Ed. 2d 60 (2015); *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000) (noting that Ninth Circuit precedent requires that FFOA benefits "be extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would

have been eligible for relief under the Act had their offenses been prosecuted as federal crimes"), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc). Therefore, the agency did not err in concluding that Contreras-Negrete was ineligible for cancellation of removal under § 1229b(b)(1) for having been convicted of a crime "relating to a controlled substance." See 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Contreras-Negrete's contention that the BIA ignored evidence is not supported by the record, and the BIA did not need to reach the issue of hardship.

We lack jurisdiction to review Contreras-Negrete's remaining unexhausted due process claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (explaining that procedural due process claims must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**