**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITO QUIROZ-BARRERA,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFREY A. ROSEN, Acting Attorney<br>General,<br><br>                Respondent. | No. 17-71328<br><br>Agency No. A088-758-196<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2020[**]
Pasadena, California

Before:  BERZON and COLLINS, Circuit Judges, and KATZMANN,[***] Judge.

Margarito Quiroz-Barrera, a native and citizen of Mexico, petitions for

review of the order of the Board of Immigration Appeals ("BIA") upholding the

immigration judge's determination that Quiroz-Barrera is ineligible for

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Gary S. Katzmann, Judge for the United States Court of
International Trade, sitting by designation.

cancellation of removal due to a conviction for possession of a controlled substance. We deny the petition.

1. After Quiroz-Barrera pleaded guilty to felony possession of cocaine in violation of California Health and Safety Code § 11350(a), the California state court in January 2002 deferred entry of judgment for 18 months pursuant to a statutory pretrial diversion program. *See* CAL. PENAL CODE §§ 1000 *et seq.* Among the conditions for that program were that Quiroz-Barrera obey all court orders, including orders to appear at future hearings. After Quiroz-Barrera failed to appear as ordered at several hearings, the state court in February 2005 terminated the deferral of judgment, reinstated the criminal proceedings, entered a judgment of conviction against Quiroz-Barrera in accordance with his previous plea, and issued a warrant for his arrest. After Quiroz-Barrera was arrested on the warrant in October 2006, he was sentenced a month later to three years of probation pursuant to Proposition 36. *See* CAL. PENAL CODE § 1210.1(a). As a condition of that probation, Quiroz-Barrera was required to complete a drug treatment program, *see id.*, and after he did so, the state court in September 2007 set aside his guilty plea and dismissed the charges against him.

In early 2010, removal proceedings were begun against Quiroz-Barrera, who conceded removability and sought only cancellation of removal under § 240A of the Immigration and Nationality Act, 8 U.S.C. § 1229b. To be eligible for such

cancellation of removal, the alien must not have been convicted of a controlled substance offense. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i), 1227(a)(2)(B), 1229b(b)(1)(C). Quiroz-Barrera conceded that a conviction under California Health and Safety Code § 11350(a) counts as a controlled substance offense that "generally precludes eligibility" for cancellation of removal, and we have held that, as a general rule, rehabilitative relief under state law does not eliminate a state criminal conviction for immigration purposes, *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002).

Nonetheless, we also held in *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc), that equal protection principles required us, for immigration purposes, to "'treat the expungement of a state conviction for simple possession in the same manner' as the expungement of a federal conviction for simple possession" under the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607. *Nunez-Reyes*, 646 F.3d at 688 (citation omitted). Because Quiroz-Barrera was convicted before *Nunez-Reyes* overruled *Lujan-Armendariz*, the rule established in the latter case still applies to his immigration proceedings. *Id*. at 694. And because an expungement under the FFOA does not result in a conviction for any purpose, 18 U.S.C. § 3607(b), including immigration purposes, *see Nunez-Reyes*, 646 F.3d at 688, the application of the FFOA here determines whether Quiroz-

3

Barrera has a valid conviction for immigration purposes. Accordingly, whether Quiroz-Barrera still has a "conviction" of a controlled substance offense for immigration purposes turns on whether, had his state drug offense been prosecuted federally, he would have met the conditions for expungement of a federal drug possession conviction under the FFOA. Quiroz-Barrera argued that he met those conditions, but the immigration judge disagreed and denied his request for cancellation of removal. The BIA upheld this ruling, and Quiroz-Barrera timely petitioned for review. *See* 8 U.S.C. § 1252.

2. Under the FFOA, an otherwise eligible defendant may be placed "on probation for a term of not more than one year without entering a judgment of conviction." 18 U.S.C. § 3607(a). If the defendant successfully completes the probation, "the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation." *Id*. But if "the person violates a condition of his probation," then the court may proceed with probation revocation proceedings and sentence the defendant accordingly. *Id*. We agree with the BIA that, because Quiroz-Barrera did not comply with the requirements of his state pretrial diversion program, he does not meet the FFOA's requirement that he not have violated a condition of prejudgment probation.

Although Quiroz-Barrera's pretrial diversion under Penal Code § 1000.1 was not formally denominated under state law as "probation," it is in all relevant

4

respects equivalent to the prejudgment probation program under the FFOA. Just as with a federal defendant placed on prejudgment probation under the FFOA, the state court deferred entry of judgment in Quiroz-Barrera's case, required him to comply with a specified set of conditions, and placed him under the formal supervision of probation officials. During that time period, Quiroz-Barrera was required to "obey all rules and regulations of the probation department," to "cooperate with the probation officer in a plan for drug abuse counseling," to "seek and maintain training, schooling or employment as approved by the probation officer," to "support [his] dependents as directed by the probation officer," and to "keep [the] probation officer advised of [his] residence and work and home telephone numbers at all times."

Although the California courts, as a matter of state law, have held that pretrial diversion is not in all respects equivalent to *post-conviction* probation, *see, e.g.*, *People v. Mazurette*, 14 P.3d 227, 231 (Cal. 2001) ("a grant of probation and a deferred entry of judgment pursuant to [Penal Code] section 1000.1 have many similarities," but "the two dispositions have some differences" in light of the "punitive elements" associated with post-judgment probation), that makes no difference here. Under the equal protection holding of *Lujan-Armendariz*, our task is to apply the FFOA, *mutatis mutandis*, to state court proceedings that were *not* conducted under the FFOA and that therefore may not have been formally labeled

5

using the same terminology that the FFOA uses. Because Quiroz-Barrera's state pretrial diversion program was in all relevant respects equivalent to the prejudgment probation program under the FFOA, it counts as "probation" for purposes of applying the FFOA's rules.

It follows that, when Quiroz-Barrera failed to comply with the terms of his state pretrial diversion program, he "violate[d] a condition of his probation" for FFOA purposes. *See* 18 U.S.C. § 3607(a); *see also Estrada v. Holder*, 560 F.3d 1039, 1041–42 (9th Cir. 2009) (despite later state-law expungement, FFOA relief under *Lujan-Armendariz* was not available to alien who violated the terms of his state post-conviction probation), *overruled on other grounds by Mellouli v. Lynch*, 575 U.S. 798 (2015). Quiroz-Barrera notes that, after he was convicted and sentenced to post-conviction probation, he complied with the terms of *that* probation and had his conviction expunged under state law. But that does not undo the fact that he failed to comply with the conditions of his *pretrial* diversion program, and that is sufficient to preclude the rule of *Lujan-Armendariz* from being applied to him. Quiroz-Barrera's state conviction thus remains a conviction for immigration purposes, and the BIA properly concluded that he is statutorily ineligible for cancellation of removal.

The petition for review is **DENIED.**