**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR TORRES ORNELAS, | No. 17-71301 |
| Petitioner, | Agency No. A095-741-384 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021[**]
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Cesar Torres Ornelas (Torres), a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming an

Immigration Judge's (IJ) finding that Torres is ineligible for cancellation of

removal. In 1997, Torres pleaded guilty to possession of a controlled substance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and the California trial court placed Torres on probation pursuant to California

Penal Code (CPC) § 1000. After Torres violated probation, the state court

terminated proceedings under CPC § 1000 and placed him on probation pursuant

to CPC § 1210. Following the successful completion of this second probation

period, Torres's 1997 conviction was dismissed under section 1210.1(d). Cal.

Penal Code § 1210.1(d). In his petition, Torres contends for the first time that he

would have been eligible for relief under the FFOA, and that violating his first

state law probation is not disqualifying because his conviction was expunged after

a second, distinct probationary period that he did not violate. We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. The government contends that we lack jurisdiction to consider Torres's

petition because he failed to exhaust his administrative remedies. We disagree.

Though it is true that a petitioner must exhaust his arguments below for us to have

jurisdiction, "[w]hen the BIA has ignored a procedural defect," such as a

petitioner's failure to raise an issue on appeal, "and elected to consider [the] issue

on its substantive merits, we cannot then decline to consider the issue based upon"

a failure to exhaust. *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en

banc). Here, the BIA acknowledged in a footnote that Torres did not raise the

argument he now raises, but the agency then stated: "[T]he ultimate vacatur of

[Torres's] conviction from the successful completion of his probation under Cal.

2

Penal Code § 1210 . . . does not cure the original probation violation for purposes of FFOA relief." The BIA's statement adequately addresses the substance of Torres's new argument, and we therefore have jurisdiction to review it. *See Abebe*, 432 F.3d at 1041.

2. We conclude that the BIA did not err in deciding that Torres would not have been eligible for relief under the FFOA because he violated a term of his probation. *See* 18 U.S.C. § 3607(a). We review this question of law *de novo*. *Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016). A noncitizen facing immigration consequences from a state law drug conviction from before 2011 is not removable if—had he been proscuted in federal court—he could have satisfied the FFOA's requirements. *Lopez v. Sessions*, 901 F.3d 1071, 1075 & n.2 (9th Cir. 2018). Under the FFOA, an otherwise eligible defendant may be placed "on probation for a term of not more than one year without entering a judgment of conviction." 18 U.S.C. § 3607(a)(2). If the defendant successfully completes the probation, "the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation." *Id.* But "[i]f the person violates a condition of his probation," then the court shall proceed with probation revocation proceedings and sentence the defendant accordingly. *Id.* The relevant framework for analyzing whether an individual's conviction would be eligible for FFOA treatment is the FFOA itself. *See Lujan-Armendariz v. INS*, 222

F.3d 728, 749 (9th Cir. 2000), *overruled by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc); *Lopez*, 901 F.3d at 1075.

Focusing on the FFOA's requirements, our decision in *Estrada v. Holder* forecloses Torres's argument that, even though he undisputedly violated his probation, he would be eligible for FFOA treatment. *See* 560 F.3d 1039, 1042 (9th Cir. 2009), *overruled on other grounds by Mellouli v. Lynch*, 575 U.S. 798 (2015). In *Estrada*, we held that the FFOA "expressly limits relief to cases where 'the person has not violated a condition of his probation.'" *Id.* at 1041 (citation omitted). Nothing in *Estrada* or the language of the FFOA suggests that subsequent state law procedures can cure a probation violation. Moreover, *Estrada* and the plain language of the FFOA make clear that after an individual violates probation, the statutory authority governing the individual's sentence shifts from the FFOA to 18 U.S.C. § 3565, and that section does not provide for dismissal of the underlying conviction. *See Estrada*, 560 F.3d at 1041; 18 U.S.C. § 3607(a). Even though California law permitted dismissal of Torres's conviction upon the successful completion of his second probation—notwithstanding his earlier violation—Torres would not have been able to obtain similar relief under the FFOA.

**PETITION FOR REVIEW DENIED.**