NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAURICIO LEOS-REYES, AKA Mauricio
Leos,

　　　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　　Respondent.

No.　　15-71607

Agency No. A075-530-888

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:　　SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

　　　Mauricio Leos-Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.　We review de novo questions of

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

law.  *See Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020).  We dismiss in part and deny in part the petition for review.

Leos-Reyes failed to exhaust his challenge to the IJ's determination that Federal First Offender Act ("FFOA") treatment was unavailable under *Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009).  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).  Leos-Reyes contends he was not required to exhaust contentions based on changes in law that occurred after the filing of his BIA brief, but even if he is correct, his contentions fail because FFOA treatment does not extend to convictions for being under the influence of a controlled substance.  *See Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018) ("[T]he FFOA only applies to first time drug offenders convicted of simple possession of a controlled substance.").

The agency did not err in concluding that Leos-Reyes's conviction under California Health & Safety Code ("CHSC") § 11550(a) is a controlled substance violation that renders him ineligible for cancellation of removal.  *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Tejeda v. Barr*, 960 F.3d 1184, 1186-87 (9th Cir. 2020) (holding CHSC § 11550(a) is divisible and applying the modified categorical approach); *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014) ("Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court

may consider the facts alleged in the complaint.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**