**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO CRUZ-ARREDONDO, | No. 20-71039 |
| Petitioner, | Agency No. A073-816-233 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021**
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Antonio Cruz Arredondo ("Cruz") petitions for review of a decision by the

Board of Immigration Appeals ("BIA") holding that he is ineligible for

cancellation of removal, and denying withholding of removal and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. Cancellation of Removal: The BIA correctly found that Cruz is ineligible for cancellation of removal because he failed to complete the diversion program for his 2000 California drug possession conviction. A noncitizen is ineligible for cancellation if he was "convicted of . . . a violation of . . . any law . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A); *see also id.* § 1229b(b)(1)(C). While a state drug possession conviction normally qualifies as a conviction under this provision, there is a limited exception if the conviction (1) occurred prior to 2011, (2) was expunged under state law, and (3) could, if charged as a federal crime, have been expunged under the Federal First Offender Act ("FFOA"). *See Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc). But a conviction cannot be expunged under the FFOA when a defendant violates a condition of his probation, as Cruz did when, in January 2001, he failed to complete his diversion program. *See Estrada v. Holder*, 560 F.3d 1039, 1041–42 (9th Cir. 2009), *overruled on other grounds by Mellouli v. Lynch*, 135 S. Ct. 1980 (2015); 18 U.S.C. §§ 3607(a), 3565. Cruz's deferred judgment therefore is a "conviction" under 8 U.S.C. § 1182(a)(2)(A) rendering him ineligible for

2

cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

2. Withholding of Removal: Substantial evidence supports the BIA's denial of withholding under 8 U.S.C. § 1231(b)(3) because Cruz did not establish that he was a member of a cognizable particular social group. Cruz argues that he will be persecuted in Mexico based on his membership in two groups: (1) people who have had family members killed by cartels in Mexico, or (2) people who have defied cartels. But the BIA concluded that Cruz failed to establish that these groups satisfied the particularity or social distinction requirements. Cruz produced little evidence that society views either group as socially distinct. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980–81 (9th Cir. 2020). At least where the petitioner does not produce evidence as to how society views these groups, we have rejected similar groups as lacking social distinction and/or particularity. *See, e.g.*, *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (rejecting "minor Christian males who oppose gang membership" on these bases).

3. CAT Protection: Substantial evidence also supports the BIA's denial of CAT protection because Cruz did not show that "each step in the hypothetical chain of events [leading to his torture] is more likely than not to occur." *See* 8 C.F.R. § 1208.16(c)(2). In the early 1990s, when Cruz's family resisted the demands of the wealthy Lopez family affiliated with the Sinaloa cartel, the

3

Lopezes murdered his cousin Marco. After Cruz's brother Armando was accused of stealing some of the Lopezes' cows, he fled and was never heard from again. Cruz himself was threatened with death. Cruz came to the United States in 1996. Although Cruz presented evidence that cartel members generally maintain longstanding grudges, he provided no evidence that the cartel members in his town likely now bear a grudge toward him. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that "generalized evidence of violence" in a country is insufficient to establish eligibility for CAT protection). Cruz's sister lives two hours away from their hometown and she has not been harmed. Cruz and his sister do not discuss the cartels, so he has little specific information about the situation in the town. Substantial evidence supports the BIA's conclusion that Cruz did not show it is more likely than not that the cartel members will locate him, recognize him, remember that he opposed the cartel, and torture or kill him.

**PETITION DENIED.**